590 A.2d 1

**In re DEED of TRUST OF ROSE HILL CEMETERY ASSOCIA-TION DATED JANUARY 14, 1960—Rose Hill Cemetery Association Trust for the Perpetual Care for Preservation of Burial Lots.**

**Appeal of ROSE HILL CEMETERY ASSOCIATION, INC.**

Supreme Court of Pennsylvania.

Argued March 7, 1991.

Decided April 23, 1991.

212

213

Darrell L. Kadunce, Butler, for appellant.

Robert S. Englesberg, Atty. General's Office, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

The facts in this case are as follows. Rose Hill Cemetery Association, the Appellant in this matter, (hereinafter "Rose Hill") is a non-profit corporation duly incorporated under the laws of the Commonwealth of Pennsylvania. In the normal course of its business, Rose Hill established a Perpetual Care Fund for the purpose of caring for the burial plots of those persons who are buried in the cemetery maintained by Rose Hill. Following litigation which was conducted in the Orphans' Court of Butler County in 1960, the Perpetual Care Fund was made the subject of an Irrevocable Trust. At the time of that litigation in 1960, Mellon Bank was named the Trustee of the Rose Hill Cemetery Association Trust for the Perpetual Care for Preservation of Burial Lots. Mellon Bank, now known as Mellon Bank, N.A., has maintained its position as Trustee for this Perpetual Care Fund since 1960.

In 1987, Rose Hill and Mellon Bank, N.A., jointly petitioned the Orphans' Court of Butler County, requesting that the Court permit the removal of Mellon Bank, N.A., as

Trustee of the Perpetual Care Fund and the substitution of Rose Hill itself as the successor Trustee. Appropriate notice was given to the Attorney General's office as provided in the Rules of the Orphans' Court. After hearing, the Orphans' Court entered an order denying the prayer of the petition and directing Mellon Bank, N.A., to continue as Trustee. The reasons for the request for substitution of Trustee were set forth in the petition filed with the court, and also presented in the testimony and statements of counsel given at the hearing. They are further discussed below.

The Superior Court summarily affirmed the decision of the Orphans' Court and, upon application timely filed, this Court granted Rose Hill's Petition for Allowance of Appeal. We were concerned with what appeared to be an abuse of discretion by the Orphans' Court. For the reasons set forth below, we reverse.

The Perpetual Care Fund was originally funded with cash in the amount of Thirty–Three Thousand ($33,000.00) Dollars. Pursuant to the Irrevocable Trust Agreement, the net income of said Perpetual Care Fund has been paid in semi-annual installments to the Settlor, Rose Hill, for the preservation and care of burial lots. Since 1960, the principal of the trust assets has increased in value and had a current market value in 1987 of approximately Fifty–Nine Thousand ($59,000.00) Dollars. From its inception to 1987, the Trust has paid the interest income to Rose Hill, the Settlor, as beneficiary, a total amount of about Sixty Thousand ($60,000.00) Dollars. Rose Hill contended before the Orphans' Court that the trustee's administrative costs were excessive in view of the principal and the rate of return of the fund. Rose Hill argued that a much higher legal return would be available to it, for example, by investment in U.S. Government bonds or treasury notes, which Rose Hill could purchase without any administrative charges or costs. Thus, a two-fold increase in income would be available to the trust.

The Orphans' Court speculated that Rose Hill's suggestion that a much greater income could be obtained by investment in bonds or certificates of deposit might not constitute the exercise of due care and prudence required of a fiduciary in Pennsylvania, in that such income gain would result in the loss of any appreciation in the value of the principal. Under the present Trustee, the principal of the trust has grown from Thirty–Three Thousand ($33,000.00) Dollars to Fifty–Nine Thousand ($59,000.00) Dollars. The Orphans' Court opined that such appreciation in the trust should not be eliminated solely to increase the income. No reasons for this conclusion were expressed.

 The Orphans' Court opinion notes that it has long been the law of this jurisdiction that the Orphans' Court has *discretion* whether to appoint a successor trustee for the benefit of a trust and the parties concerned. The Court may accept a resignation of a trustee and appoint a successor trustee upon suggestion of the resigning trustee or remaining beneficiaries. Conversely, the Court may, in its discretion, refuse to appoint the person suggested, and appoint a disinterested person not named by any of the parties. Consideration must be given to nominees suggested by parties in interest, but nevertheless, the court is not bound by the suggestions in all cases. While this is a correct statement of the law, the matter is not within the *absolute* discretion of the Orphans' Court.

 As its only statement of its reasons for denying Rose Hill's petition, the Orphans' Court points out that Rose Hill is a Pennsylvania non-profit corporation. Its sole shareholders are the president and his spouse. Rose Hill is the Settlor of the Trust, as well as the Income Beneficiary, and it now seeks to become the sole Trustee. While Pennsylvania law (Regulation of Cemetery Companies, 9 Pa. C.S.A. § 301, et seq.) authorizes an incorporated cemetery company to act as qualified trustee of a permanent care fund, the Orphans' Court here felt compelled to "pierce the corporate veil." The court reasoned that since a corporation is normally regarded as a legal entity, separate and

distinct from its shareholders, this legal fiction may be disregarded by the courts whenever justice or public policy demand. The Orphans' Court holds that it would be difficult, if not impossible, for it to perceive, under the present circumstances, that the corporation could be the Trust Settlor, Income Beneficiary and sole qualified Trustee, and yet meet the independent fiduciary responsibility imposed by law. If the Orphans' Court permitted the substitution of the Trustee as proposed, the Court felt that the Trustee would acquire the entire beneficial interest, and this merger of interest could, in effect, terminate a Trust which was intended to be irrevocable. In the view of the Orphans' Court, this substitution would be to the detriment of those buried at Rose Hill Cemetery, the real beneficiaries, and could not be permitted. This reasoning is seriously deficient.

First, "judicial discretion" requires action in conformity with law on facts and circumstances before the trial court after hearing and due consideration. *In re Philadelphia County Grand Jury, April 1943*, 347 Pa. 316, 32 A.2d 199 (1943). Such discretion is not absolute, but must constitute the exercises of sound discretion. This is especially so where, as here, there is law to apply. On appeal, a trial court's decision will generally not be reversed unless there appears to have been an abuse of discretion or a fundamental error in applying correct principles of law. *In re Kadilak's Estate*, 405 Pa. 238, 174 A.2d 870 (1961). An "abuse of discretion" or failure to exercise sound discretion is not merely an error of judgment. But if, in reaching a conclusion, law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused. See, *In re Women's Homoeopathic Hospital of Philadelphia*, 393 Pa. 313, 142 A.2d 292 (1958). There was such a clear abuse of discretion in the instant case.

9 Pa.C.S.A. § 309(a) provides as follows:

**Incorporated cemetery company as qualified trustee**
**(a) General rule.**—Every incorporated cemetery company may act as qualified trustee of the permanent lot care fund required by this chapter and may be appointed the original trustee, or, when for any reason a vacancy may occur in a trusteeship, substituted or successor trustee, and as such may receive devises, or gifts, the principal of which is to be held, in trust, in perpetuity or for a lesser period of time, for the care, maintenance, preservation, ornamentation or benefit of its cemetery, or the cemetery lots therein, upon giving its own bond without surety. The directors of any such corporation are hereby made trustees of any such funds so deposited or received, and neither such funds nor the income derived therefrom shall be used by such trustees for any purpose other than the purpose for which they were deposited, devised, donated, or otherwise acquired. The directors of such corporation shall cause accurate accounts to be kept of such trust funds separate and apart from the other funds of the corporation. Any such corporation may combine and merge the principal of two or more such trust funds and any funds so set aside in an omnibus fund for the purposes of investment of the same.

This statute expressly *permits* what Rose Hill sought to accomplish in this litigation. Detailed accounting requirements imposed on a cemetery company also acting as trustee are set forth at 9 Pa.C.S.A. § 308(b) (as amended). Rose Hill could only be denied what the law clearly allows for the most compelling reasons. The Orphans' Court offers reasoning that is barely cogent, let alone compelling.

 The danger of merger here terminating this trust is negligible. Rose Hill is only the income beneficiary of the trust. It is an agent for the real beneficiaries, the lot owners (including the deceased). *See, Bolton v. Stillwagon,* 410 Pa. 618, 190 A.2d 105 (1963), where we held that the officers and directors of a cemetery association are trustees to the association *and to the lot owners.* Even if Rose Hill's corporate veil were pierced, this would make no difference as the officers, directors or shareholders would

still be trustees for the beneficial lot owners. Moreover, piercing the corporate veil here was error. Mere stock ownership by a small number of shareholders does not blur the distinction between individual and corporate entities. *See, In re Estate of Hall,* 517 Pa. 115, 535 A.2d 47 (1987). While the Orphans' Court properly stated that the corporate form may be disregarded in some instances, it gave no reason for doing so here other than the erroneous argument that the stock of Rose Hill is concentrated in the hands of two individuals.

In short, what Rose Hill sought here is clearly sanctioned by law. Since no cogent reason was offered by the Orphans' Court for not permitting what the law otherwise allows, there was an abuse of discretion. The decision of the Superior Court affirming the decision of the Orphans' Court must be reversed.

It is so ordered.

LARSEN, J., concurs in the result.