634 A.2d 155

In re CERTIFICATE OF NOMINATION FOR
the 143RD LEGISLATIVE DISTRICT.

Appeal of Tom LINGENFELTER.

Supreme Court of Pennsylvania.

Submitted Oct. 21, 1993.

Decided Oct. 29, 1993.

Tom Lingenfelter, appellant, pro se.

Karen Balaban, Harrisburg, Pamella J. Raison, Chief Counsel, Dept. of State, for appellees.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Justice.

Appellant, Tom Lingenfelter, appeals from the Order of the Commonwealth Court dismissing his objections to the Democratic nomination petition of Deirdre Marinaccio for the Office of Representative in the General Assembly from the 143rd Legislative District located in Bucks County. Appellant presents two issues for our review.[1] The first issue is whether the Democratic State Executive Committee's nomination of a can-

---

1. Appellant raises two other issues. First, whether the procedure followed in this matter violated the State Democratic Party Rules, the Pennsylvania Constitution, and the United States Constitution. Second, whether the procedure followed in this matter violated the 1965 Voters Right Act. However, these issues were not raised before the Commonwealth Court; therefore, they are waived. *See, e.g., Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974). *See also* Pa.R.A.P. 302(a).

didate in the special election for the Office of Representative in the General Assembly from the 143rd Legislative District violated the Bucks County Democratic Party Rules and the Pennsylvania Election Code.[2]  The second issue is whether the nomination certificate is invalid because the notary public failed to affix her signature to the nomination certificate and to the candidate's affidavit and loyalty oath.  For the reasons that follow, we affirm.

The State Executive Committee of the Democratic Party filed with the Pennsylvania Department of State, Bureau of Elections, a nomination certificate nominating Appellee, Deirdre Marinaccio, as the Democratic candidate in the special election for the Office of Representative from the 143rd Legislative District.  The nomination certificate indicates that David Heckler resigned from the position which caused a vacancy and the need for a special election.  Additionally, the nomination certificate shows that Deirdre Marinaccio was nominated by telephone poll pursuant to the Rules of the State Democratic Party.

The Commonwealth Court held a hearing on this matter. Appellant, appearing *pro se*, testified and argued his contentions.  The Democratic State Committee, Appellee, defended and presented as a witness the Executive Director of the Democratic State Committee, who explained the procedure followed in this case.  The Commonwealth Court found that the Rules of the State Democratic Party were followed in this instance and that the Bucks County Democratic Party Rules did not contradict the State Democratic Party procedure.  The Commonwealth Court also concluded, in its discretion, that the defects on the nomination certificate and the candidate's affidavit and loyalty oath were amendable.

The Pennsylvania Election Code specifically provides that: Candidates to fill vacancies in the offices of . . . Senator and Representative in the General Assembly . . . shall be nominated by political parties, in accordance with the party rules

---

**2.**  Act of 1937, June 3, P.L. 1333, art. I, § 101, *as amended,* 25 P.S. §§ 2600 *et seq.*

relating to the filling of vacancies, by means of nomination certificates, in the form prescribed in [25 P.S. § 2780]. . . .

25 P.S. § 2779 (Purdon Supp.1993).

The pertinent section of the Rules of the State Democratic Party provides:

### RULE VIII

### *VACANCIES*

SECTION 1. Any vacancy happening or existing in the Democratic nomination for any office to be voted for by the electors of the State at-large by reason of the death or withdrawal of a candidate, failure to nominate at the Primary Election, the calling of a special election, or other cause, and which cannot be filled at a Primary Election under the law, shall be filled by the State Committee which shall have authority to make and certify a nomination. SECTION 2. Any vacancy happening or existing in the Democratic nomination for representative in Congress, Senator in the General Assembly or Representative in the General Assembly by reason of the death or withdrawal of a candidate, failure to nominate at the Primary Election, the calling of a special election, or other cause, and which cannot be filled at a Primary Election under the law, shall be filled by the State Executive Committee which shall have authority to make and certify by the State Executive Committee, which shall have authority to make and certify a nomination.

(a) The State Executive Committee may vote to fill any of the vacancies under this section 2:

(1) At a Special meeting called by the State Chairman; or

(2) By telephone, telegraph or mail poll of each member of the Executive Committee, who must approve the nominee by at least twenty-six (26) affirmative votes, provided that in the case of a telephone poll at least three (3) efforts are made to reach each member.

(b) A record of each poll or effort to reach a member of the Executive Committee shall be kept by the State Committee staff and presented to the next regular meeting of the Executive Committee.

The Executive Director of the Democratic State Committee, whose testimony was accepted by the Commonwealth Court, stated these rules were followed in this matter. *In re: Certificate of Nomination for the 143rd Legislative District,* No. 368 M.D.1993, slip op. at 3 (Commw.Ct. Sept. 30, 1993). The Executive Director also stated that "while the State Committee usually accepts suggestions from the County organization they are not required to either request suggestions or follow them." *Id.*

Appellant argues that this procedure followed by the Democratic State Committee violated the Bucks County Democratic Party Rules, specifically Rule III, Section 2. However, Appellant has not placed into the record the Bucks County Democratic Party Rules.[3] Additionally, Appellant has failed to show this Court how the Commonwealth Court erred when it found that the Bucks County Democratic Party Rules do not contradict the procedure set forth in the State Democratic Party Rule which was followed in this case. Thus, Appellant's argument that the procedure followed in this case violated the Bucks County Democratic Party Rules must fail.

Appellant also alleges that section 629 of the Pennsylvania Election Code, 25 P.S. § 2779, does not specify state political parties and is not authority for selection by state

---

**3.** Appellee states that Bucks County Democratic Party Rule III—Vacancies on the Democratic Ticket—addresses the filling of vacancies in local elective county, school board and municipal offices. Appellee submits that it is silent on the legislative offices of state Senator or Representative of the General Assembly, Congress or any statewide office. Appellant alleges that Rule III addresses filling of vacancies on the Democratic ticket by recommendation of the members of the County Committee from the city, borough, township, ward or election district and is not silent on legislative office. However, Appellant has neither supplied this Court with Bucks County Democratic Party Rule III nor has he shown this Court any Bucks County Democratic Party Rule that conflicts with Rule VIII of the State Democratic Party Rules.

political parties exclusively. However, State Democratic Party Rule VI, Section 1, provides:

> The County Committees are authorized and empowered to make such rules to be operative in their respective counties as shall be necessary for the selection, organization and government of such committees and of any subordinate committees provided for by such rules ... provided, however, that *such rules shall not be inconsistent with [the Rules of the State Democratic Party]* or with law, and shall be approved by the State Executive Committee.

(emphasis added). County Committee rules shall not be inconsistent with the State Democratic Rules and those rules state, in Rule VII, that the State Executive Committee shall have authority to make and certify a nomination for the Office of Representative in the General Assembly. Thus, section 2779 authorizes the political parties to nominate in accordance with the party rules relating to filling vacancies for the Office of Representative in the General Assembly, and the State Democratic Rules govern filling that vacancy. Moreover, the Bucks County Democratic Party Rules shall not be inconsistent with the State Democratic Rules.

Additionally, Appellant submits that, because the candidate was not selected by a quorum of the committee members through the process set forth in the Rules of the Bucks County Democratic Party, the nomination violates sections 629 and 630 of the Pennsylvania Election Code, 25 P.S. §§ 2779 and 2780. This argument is clearly without merit. The State Democratic Party Rule applicable to the nomination and certification process to fill vacancies for the Office of Representative in the General Assembly is the rule that governs this matter. Thus, Appellant has failed to prove that the Pennsylvania Election Code was violated.

■ Finally, Appellant argues that the nomination certificate is invalid because the notary public failed to affix her signature to the nomination certificate and to the candidate's affidavit and loyalty oath. He submits that the Commonwealth Court decision to permit amendment was not supported by the evidence. However, our review is not whether

the decision to amend is supported by the evidence. Rather, where the lower court acts "in its discretion," our review is whether there was an abuse of discretion or a fundamental error in applying correct principles of law. *See In re Trust of Rose Hill Cemetery Assn.,* 527 Pa. 211, 590 A.2d 1 (1991).

The Pennsylvania Election Code provides in pertinent part: If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or appended affidavits, *the court, after hearing, may, in its discretion, permit amendments* within such time and upon such terms as to payment of costs, as the said court may specify.

25 P.S. § 2937 (emphasis added).

■ The Commonwealth Court's examination of the nomination certificate "revealed that the notary, Carole A. Heikel, affixed her seal and her stamp and merely neglected to sign her name." *In Re: Certificate of Nomination for the 143rd Legislative District,* No. 368 M.D.1993, slip op. at 4 (Commw.Ct. Sept. 30, 1993). The Commonwealth Court also found that Appellant had not made a claim of falsity. *Id.* Thus, the Commonwealth Court concluded, within its discretion, that such defects were amendable and that at the hearing such amendments were made. *Id.*

"The Election Code must be liberally construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice." *Nomination Petition of Ross,* 411 Pa. 45, 48, 190 A.2d 719, 720 (1963). Where the objections relate to material errors or defects apparent on the face of the nomination petition or appended affidavits, the Pennsylvania Election Code authorizes the Commonwealth Court, after hearing, in its discretion, to permit amendment. 25 P.S. § 2937. Appellant alleges, however, that without the notary's signature there is no affidavit and, therefore, there can be no amendment. We disagree. Clearly, this is a defect apparent on the face of the nomination petition or accompanying affidavit. If this Court found that failure to affix a notary's signature to a nomination petition or accompanying affidavit is always a fatal defect then

we would deny section 2937 of meaning and run afoul of the spirit of the Pennsylvania Election Code.

The Commonwealth Court reviewed the nomination petition and was not presented with a claim of falsity in this matter. Appellant does not argue to this Court that the Commonwealth Court erred when it found that there was no claim of falsity.[4] Thus, under the facts of this case where Appellant made no claim of falsity, the Commonwealth Court reviewed the certificate and affidavit, and heard testimony regarding the defect, the Commonwealth Court acted in accordance with the goals of the Pennsylvania Election Code and did not abuse its discretion or make an error of law by allowing amendment.

Accordingly, the Commonwealth Court Order is affirmed.

**4.** Appellant argues to this Court that one may infer fraud because the notary's signature was not affixed to the nomination certificate and candidate's affidavit and loyalty oath. Appellant's Brief at 13. However, in the Commonwealth Court, the Appellant in his Objection was required specifically to state the substance of the claimed error. *See Petition of Bishop,* 525 Pa. 199, 579 A.2d 860 (1990). Appellant did not allege falsity in the Objections filed in the Commonwealth Court. Additionally, he does not submit to this Court that he argued falsity during the hearing before the Commonwealth Court. Therefore, his allegation of falsity before this Court must fail.