639 A.2d 1252

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,**

**v.**

**Richard KOSAK, t/a Family Motor Sales, Inc., Appellee.**

Commonwealth Court of Pennsylvania.

Heard March 9, 1994.

Decided March 11, 1994.

Publication Ordered April 4, 1994.

506

Marc A. Werlinsky and Timothy P. Wile, for appellant.

Vincent C. Murovich, for appellee.

CRAIG, President Judge.

The Pennsylvania Department of Transportation, Bureau of Motor Vehicles (department), pursuant to Pa.R.A.P. 2591(b), has filed an Application for Enforcement of an unappealed final order entered by this court in this appellate case. After consideration of a response to that Application filed by the appellee, Richard Kosak, t/a Family Motor Sales, Inc. (car dealer), and consideration of evidence at a hearing, the Application for Enforcement and related questions can now be decided.

At the heart of the matter is this general question: Where this court has entered a final appellate decision directing reinstatement of departmental suspensions of a car dealer's registration plates and authority to issue temporary registrations, can the car dealer, without petitioning for reargument of this court's decision or for allowance of an appeal to the Pennsylvania Supreme Court, seek to overturn and supersede this court's order reinstating those suspensions, by filing in the common pleas court an appeal from the department's notice issued at this court's direction?

In short, after an appellate decision of this court has become final, can the losing party then proceed in common pleas court to negate this court's final order reinstating Vehicle Code suspensions? The only issue stated by the dealer, in the notice attempting to appeal this court's decision to the common pleas court, was the very same question that this court had decided, namely . . .

[W]hether petitioner is subject to suspension of its authority to issue dealer registration plates and temporary registration plates. . . .

(¶ 3 of the dealer's new "Suspension Appeal" to common pleas court.)

## HISTORY OF CASE

For the payment of motor vehicle registration fees, the car dealer sent to the department bad checks dated April 29, 1989 and May 22, 1989. After a hearing, the department, on August 15, 1989, issued a warning to the car dealer.

During the period September 11–21, 1989, the car dealer, for a second time, remitted bad checks to the department. After a hearing, the department imposed a one-month suspension of the car dealer's dealer registration plates and authorization, to issue temporary registration plates. When the car dealer pursued a statutory appeal from the one-month suspension, this court upheld the suspension at No. 910 C.D.1990, reversing the contrary trial court decision, at *Department v. Kosak*, 142 Pa.Commonwealth Ct. 695, 597 A.2d 304 (1991), *appeal denied*, 530 Pa. 662, 609 A.2d 169 (1992).

Nevertheless the car dealer, for a third time, remitted bad checks to the department, dated June 29, 1990. After the car dealer's acknowledgement of that third offense, the department, on December 6, 1990, suspended the car dealer's dealer registration plates for six months pursuant to 67 Pa.Code § 53.9(a)(6) and the car dealer's authority to issue temporary registration plates for six months, pursuant to 67 Pa.Code § 43.11(a).

The Vehicle Code provided statutory authority for such suspensions at 75 Pa.C.S. § 1374, authorizing them when "[a]ny fee payable to the Commonwealth in connection with the operation of the business of the registrant has not been paid."

When the car dealer appealed the six-month suspensions to the Allegheny County Court of Common Pleas, that trial court sustained the appeal, and this court, at the docket number

herein, reversed that decision, reinstating the suspensions but limiting the temporary registration plate authority suspension to three months in accordance with departmental regulations.

That final order of this court, dated October 25, 1993 stated

The department's six-month suspension of Kosak's dealer registration plates is reinstated. The department's suspension of Kosak's authority to issue temporary registration plates is reinstated but modified to have a duration of three months.

The car dealer did *not* petition for reargument or reconsideration of that order of this court. The car dealer did *not* file any petition for allowance of appeal to the Supreme Court of Pennsylvania.

Therefore, on December 6, 1993, the department mailed a notice of the effect of this court's order to the car dealer, stating

As a result of the order of the Commonwealth Court of Pennsylvania we are reinstating the suspension originally entered by the Bureau by official noticed dated December 6, 1990.

Although the terms of this court's order of October 25 were self-executing and complete in themselves, the so-called "order" of the department—actually a mere notice reflecting this court's order—was "appealed" to the Allegheny County Court of Common Pleas as if it were a new action by the department rather than a notice executing the order of this court.

At Docket No. SA–27 of 1994 in the common pleas court, the car dealer's "Suspension Appeal" made no mention whatsoever of the underlying final decision of this court in its three numbered paragraphs of averments, the last of which requested a supersedeas of the suspension and determination of "whether petitioner is subject to suspension of its authority to issue dealer registration plates and temporary registration plates...." Appended to that Suspension Appeal was only the departmental notice, not the order of this court reinstating the suspension.

Accordingly, deprived of any knowledge of this court's jurisdiction over the suspension reinstatement, the trial court issued a routine supersedeas order, which this court has stayed pending the current proceedings.

The sole rationale offered on behalf of the car dealer is that, three years after the 1990 issuance of the departmental suspension here at issue, the statute, Section 1374 of the Vehicle Code was amended by Act 33 of 1993, enacted as the Act of June 18, 1993, P.L. ——, effective August 27, 1993. The new law replaces the dealer plate suspension penalty, for a third bad check offense, with a monetary penalty of not less than $100 and not more than $200 per violation. The 1993 amendment does *not* affect the department's regulation imposing a three-month suspension of a dealer's authority to issue temporary registrations, for a bad check offense.

Accordingly, in setting a hearing on the department's application for enforcement this court, by order, requested argument and, as necessary, evidence relating to the following questions:

## QUESTIONS PRESENTED

1. In the course of this court's review of the 1990 suspension, was there a waiver of the 1993 statutory amendment claim when the car dealer failed to raise or preserve any claim based upon Act No. 33 of 1993, as enacted June 28, 1993, either in its brief filed thereafter on July 22, 1993 or subsequently by any post-submission application under Pa.R.A.P. 2501(b)?

2. Is Act No. 33 of 1993, enacted June 28, 1993 and effective August 27, 1993, applicable with respect to the sanctions for a dealer's bad-check violations of the Vehicle Code which occurred in 1989 and 1990, or to the department's suspension order that was effective December 6, 1990?

3. Did the car dealer's action, filing in the Court of Common Pleas of Allegheny County a notice of appeal from the action directed by this court's final order of October 25, 1993, constitute dilatory, vexatious or obdurate conduct, as an at-

tempt to contravene a final appellate order, subject to sanctions under 42 Pa.C.S. § 2503 and Pa.R.A.P. 2744?

## ANALYSIS

### 1. Waiver of the Statutory Amendment Issue

Although the revised sanction for sending bad checks to the department was not enacted until June 28, 1993, knowledge of that enactment was available to the car dealer when it filed its brief with this court in the following month, on July 22.

In addition, between the June 1993 enactment and the entry of this court's final order four months later, on October 25, 1993, the car dealer could have relied on the post-submission communications authorization in Pa.R.A.P. 2501(b), which provides that if any authority, including statutory authority, is modified after the filing of briefs, counsel can file a letter with the court raising the matter of such modification of the law.

In this court, the car dealer used neither opportunity to bring up its belated claim of statutory amendment.

Counsel for the car dealer now contends that only the "conviction", not the "penalty", was at issue before this court. However, on that appeal to this court, the car dealer's own Counterstatement of Question Involved was:

Whether the court's modification of the *sanction* imposed by the department is based upon findings of fact and conclusions of law that differ from those made by the department? (Emphasis added)

The car dealer's original appeal to the trial court was an appeal from the suspensions imposed by the department. The department's authority *to suspend,* under statute and regulation, therefore necessarily was the central issue in the appeal of the car dealer, throughout.

As noted above, when the car dealer sought to appeal the department's implementation of this court's final order back to the trial court, the dealer's notice of appeal still related only to "whether petitioner is subject to suspension...."

The Pennsylvania Supreme Court has recently reiterated that issues not raised before the Commonwealth Court are waived, *In re Certificate of Nomination*, 535 Pa. 2, 3, n. 1, 634 A.2d 155, 156, n. 1 (1993). In an auto dealer's appeal from a departmental suspension of registration issuance authority, the nature or range of the suspension authority is an issue which is waived if not raised. *Saia's Used Cars v. Commonwealth*, 142 Pa.Commonwealth Ct. 27, 35 n. 18, 596 A.2d 1212, 1217 n. 18 (1991).

Very recently, this court has again held that a Vehicle Code penalty cannot be attacked if not raised. *Department of Transportation v. Porter*, 157 Pa.Commonwealth Ct. 645, 649 n. 6, 630 A.2d 945, 947 n. 6 (1993).

Between the time of the June 1993 amendment and this court's October decision, this car dealer had four months to become aware of a Vehicle Code amendment affecting its industry and the type of violations in which it had been embroiled for four years. Failure to raise the question of the statutory amendment was a waiver of it.

### 2. Inapplicability of the 1993 Amendment

Moreover, even if the car dealer had introduced reliance upon the 1993 amendment in the case before this court, the law is clear that a 1993 revision of the allowable penalties is not retroactively applicable to violations committed in 1988 and 1990 and the suspension action of the department taken in 1990.

A statutory amendment of an administrative sanction does not affect a sanction imposed under previous law and before the effective date of the changes in the law. *Honey Bear, Inc. Liquor License Case*, 45 Pa.Commonwealth Ct. 185, 406 A.2d 814 (1979). In that case, the Pennsylvania Liquor Control Board in 1977 revoked a liquor license because of the license holder's insolvency in the same year, under section 468 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–468. After a trial court reversal of that revocation, the case came on appeal to this court. While the

case was before this court, the Act of November 26, 1978, P.L. 1389, § 2 changed section 468 to allow an insolvent license holder's license to be placed for safe-keeping rather than revoked. This court held that statutory amendment relating to a sanction earlier imposed would not, even when timely raised upon appeal, retroactively affect the validity or nature of the sanction earlier imposed. *Honey Bear* is on all fours with this case.

██ The car dealer here contends that "no conviction existed for the purpose of opposing sanctions until such a determination was made by the Commonwealth Court, on October 25, 1993." This contention is equivalent to saying that, although a court has convicted and sentenced a violator of law, the conviction and sentence are non-existent until affirmed on appeal. But, as here, the suspension and penalty were necessarily real and existing in 1990 because it was from their imposition that the penalized party appealed.

The car dealer refers to cases that allow a law to be applied to earlier events or conditions which underlie a result contemporaneous with the amended law. The car dealer cites *Creighan v. Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957) which held that the Heart and Lung Act applied to a fireman's disease in existence while the Act was effective, even though his work activities before the Act constituted the causation of the disease.

That case, and similar authority offered by the car dealer here, are distinguishable from the present situation because they involved adjudication of a present condition having an earlier origin, whereas this case has involved adjudication and review relating only to actions completed long before the statutory amendment. The only subject matter before the courts in this case has been a question of whether the suspension imposed by the department in 1990 was lawful when imposed.

### 3. Liability of Car Dealer For Further Costs

██ Pa.R.A.P. 2744 provides that an appellate court, in addition to imposing liability for the usual record costs, may

award, as further costs, an amount for the counsel fees of non-offending party if it determines that the offending party has taken a frivolous appeal or has pursued dilatory, obdurate or vexatious actions.

■ With respect to Vehicle Code suspensions, the settled law is that, when the department proceeds to reinstate a suspension pursuant to court decision to do so, that reinstatement, implementing the court decision, is not appealable. In *Rinck v. Commonwealth,* 59 Pa.Commonwealth Ct. 328, 429 A.2d 1255 (1981) a trial court dismissed a driver's appeal from a license suspension. The driver appealed to this court but then withdrew that appeal. Thereafter, when the department proceeded to reinstate the suspension pursuant to the trial court decision, the driver attempted to appeal again to the trial court. This court affirmed the dismissal of that attempt to appeal the suspension reinstatement, noting that the department's reinstatement letter (like the letter here), "merely memorialized" the judicially decreed enforcement of the Vehicle Code against the driver.

The car dealer here also has cited, at the time of argument, only cases which are not germane. *Department v. Dwyer,* 116 Pa.Commonwealth Ct. 644, 542 A.2d 634 (1988) did not involve an appeal from a reinstatement; it was an action, in the nature of mandamus, to obtain confirmation that the suspension had already been completed.

Cases involving prejudicial delay in the reinstatement of a suspension are not pertinent. *Davis v. Department,* 122 Pa.Commonwealth Ct. 392, 552 A.2d 338 (1988) involved a four-year delay by the department in proceeding with reinstatement. *Rea v. Department,* 132 Pa.Commonwealth Ct. 145, 572 A.2d 236 (1990), involved a ten-year delay in reinstatement. Those cases are clearly inapplicable to the situation here, where the department proceeded within days after this court's order, directing reinstatement, became final.

The car dealer has cited wrongful death tort cases which provide no parallel to the administrative issues here. *Kuchinic v. McCrory,* 422 Pa. 620, 222 A.2d 897 (1966) involved the

award of a new trial by the Supreme Court in a wrongful death case, providing no parallel to the case at hand. Similarly, *Hamil v. Bashline*, 309 Pa.Superior Ct. 518, 455 A.2d 1204 (1982), involved a similar award of a new trial in a wrongful death case. Neither of these tort cases involved anything like the present attempt to generate new litigation on the basis of an administrative agency's implementation of a final appellate order.

In an analogous situation, when a licensed driver under suspension attempts to use the judicial system for the purpose of delaying the effective date of the suspension, this court has ordered the imposition of attorney's fees for the filing of a frivolous appeal. *Nagelberg v. Commonwealth*, 117 Pa.Commonwealth Ct. 461, 543 A.2d 634 (1988). In that case, the suspended driver first filed an appeal to a trial court from the department's suspension notice, obtained continuances and then received a final order dismissing his appeal but providing a deferred effective date of the suspension. When that deferred date arrived and the department sought to reinstate the suspension, the licensee returned to the trial court. After the trial court rejected that action, the driver obtained a supersedeas by appealing to this court. That egregious series of delaying actions prompted this court to order the imposition of further costs in the nature of attorney's fee, for frivolous procedure.

## CONCLUSION

The judicial system cannot countenance attempts to extend or renew litigation after a matter has been adjudicated and finally determined by an order no longer subject to reconsideration, reargument or appeal. The finality of an unappealed order rests on the principle that, after parties have been afforded an adequate opportunity to present their claims, litigation must come to an end. Where no appeal has been taken, even the issuing court loses the power to change its determination after the passage of thirty days from entry of the order. 42 Pa.C.S. § 5505. And that finality applies not only to claims that have been raised, but also to those which

could have been raised. *Duquesne Light Co. v. Pittsburgh Railways,* 413 Pa. 1, 194 A.2d 319 (1963), *cert. denied* 377 U.S. 924, 84 S.Ct. 1221, 12 L.Ed.2d 215 (1964).

If the final orders of this court, or of any court, were made subject to further review in lower tribunals, by the expedient of basing a new appeal upon the opposing party's action implementing that final order, under the guise of exploring an issue previously overlooked, there would be no end to litigation.

Therefore, the department's petition to enforce this court's final decision will be granted.

Further costs, by way of requiring the car dealer to reimburse the department for legal costs, will not be imposed because the car dealer's attempt to evade this court's final order, although not well founded in law, does not appear to be contumacious.

The department, having retaken possession of all but three of the suspended dealer plates, shall retain them for the balance of the six-month suspension period. Of course, the department is entitled to be satisfied that the three plates claimed to be lost are, in fact, not available for use.

The three-month suspension of the temporary registration issuance authority shall also be effected in accordance with this court's order.

## *ORDER*

NOW, March 11, 1994, it is hereby ORDERED as follows:

1. Appellant's Application for Enforcement of This Court's Order Herein dated October 25, 1993, is hereby granted;

2. All of appellee's dealer plates shall be held in the possession of the appellant department until the expiration of the balance of the six-month suspension period directed in that final order of October 25, 1993; and

3. For the balance of the three-month suspension, directed in that final order, the appellant department shall withhold appellee's authority to issue temporary vehicle registrations.

The proceedings at NO. SA–27 of 1994 in the Court of Common Pleas in Allegheny County are hereby stayed, and appellee shall, within thirty days from the date of this order, file in this court a certificate of discontinuance of those proceedings.