PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2937
_____

MICHAEL E. DAVIS;
GLOBAL SALES CALL CENTER LLC

v.

CITY OF PHILADELPHIA

Michael E. Davis,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-06979)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 4, 2016

Before:  McKEE, *Chief Judge*, SMITH, and HARDIMAN,
*Circuit Judges*.

(Filed: May 4, 2016)

Earl D. Raynor, Jr.
234 North Peach Street
Philadelphia, PA 19139
          *Counsel for Appellant*

Michael A. Siddons
230 North Monroe Street
P.O. Box 403

1

Media, PA 19063
          *Counsel for Appellee*
                _____

               OPINION OF THE COURT
                _____

HARDIMAN, *Circuit Judge*.

Federal law confers various protections on United States servicemembers called to active duty. Among these are limits on the interest and penalties that may be charged to a servicemember for overdue property taxes. Michael Davis, who served his country in both Iraq and Afghanistan, appeals the District Court's order dismissing his lawsuit challenging delinquent property tax interest and penalties that the City of Philadelphia assessed against his company while he was on active duty. The question presented by this appeal is whether the protections afforded to Davis as a servicemember extend to his company's property.

I

Davis and his wife purchased a two-story, three-bedroom rental property at 5624 Willows Avenue in Philadelphia on July 15, 1997. A longtime member of the United States Army Reserve, Davis was called to active duty in December 2004. A few months after he was called up, Davis and his wife transferred the property to Global Sales Call Center LLC, a Pennsylvania company that is solely owned and managed by Davis.[1] Davis served six months of active duty in Iraq in 2005 and three years in Afghanistan between 2008 and 2011.

_____

[1] The Davises did so to "insulate themselves from liability because [Davis] was on active duty [in the Army] and his wife was unable to manage the property." *Davis v. City of Philadelphia*, 2015 WL 4461770, at *1 n.1 (E.D. Pa. July 21, 2015).

2

In December 2009, Davis and Global asked the Philadelphia Department of Revenue to reduce Global's property tax debt in accordance with the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3901 *et seq.*, which limits any interest imposed on a servicemember's delinquent property taxes during his period of active duty to a rate of six percent and forbids any additional penalties.[2] 50 U.S.C. §§ 3991(d), 3937(a)(1). The Department denied this request on the grounds that the SCRA does not apply to a business owned by a servicemember, telling Davis that he should instead file an abatement petition with the Philadelphia Tax Review Board. Davis did so in January 2010, rehashing his SCRA argument and requesting a recalculation of the interest and penalties assessed against Global based on its overdue property taxes. The Review Board denied the petition after a March 2011 hearing.

Two years later the City of Philadelphia initiated foreclosure proceedings on Global's property because of its failure to pay the delinquent property taxes and associated interest and penalties, and the Philadelphia Court of Common Pleas entered judgment in the City's favor. In a subsequent hearing upon a petition to open the judgment, Davis again requested an abatement of Global's debt, reasserting that the interest and penalties assessed by the City violated the SCRA and neglecting to inform the Court that the Review Board had already considered and rejected this argument. After learning of the Review Board's decision, the Court of Common Pleas ruled in the City's favor and signed the foreclosure petition.

Davis and Global then turned to federal court, suing under 42 U.S.C. § 1983, which "provides a recovery mechanism for the deprivation of a federal right by a person acting under color of state law." *Hynson By & Through Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1029 (3d Cir. 1988). The City moved to dismiss, arguing that it had applied the SCRA to Davis's personal liabilities (those arising

_____

[2] Davis alleges that nearly half of the $17,120.47 demanded by the City in back taxes and court costs is illegal under the SCRA.

3

during the brief period between Davis's transition to active duty and his transfer of the Willows Avenue property to Global) and that both Davis and Global lack standing.

The District Court granted the City's motion. The Court reasoned that the SCRA extends only to servicemembers and that a corporation is not a "servicemember" under the statute. *Davis v. City of Philadelphia*, 2015 WL 4461770, at *3 (E.D. Pa. July 21, 2015). Accordingly, it concluded that Global was without statutory standing to seek relief under the SCRA. *Id.* The Court also dismissed Davis's suit, holding that—because he was not personally liable for Global's tax debt—he "has not been denied relief under the SCRA." *Id.*

Global did not appeal, but Davis did.[3]

## II

This appeal is our first opportunity to interpret the Servicemembers Civil Relief Act. This straightforward statute provides that any interest imposed on a servicemember's late property taxes during a period of active duty may not exceed six percent. 50 U.S.C. §§ 3991(a), (d), 3937(a), and 3911(2)(A)(i), (3). The law also bars any additional charges or interest under the guise of a "penalty." 50 U.S.C. § 3991(d). These property tax interest rate and penalty protections extend only to "property . . . owned individually by a *servicemember* or jointly by a servicemember and a dependent or dependents." 50 U.S.C. § 3991(e) (emphasis added). The SCRA defines a "servicemember" as "a member of the uniformed services." 50 U.S.C. § 3911(1).

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291. We reject the City's odd suggestion that our inquiry is merely whether the District Court's order is "clearly erroneous" or amounts to an abuse of discretion. City Br. 8, 13, 16; *but see id.* at 14–15 (correctly identifying our standard of review). Our review is plenary. *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007).

4

Although the parties view this case purely in terms of standing, we see it somewhat differently. As we shall explain, Global lacks standing, but Davis does have standing to sue.

Standing is a *sine qua non* in any case. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). There are three types of standing: (1) constitutional standing owing to the "irreducible constitutional minimum" of the existence of an Article III "case or controversy," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); (2) prudential standing consistent with "judicially self-imposed limits on the exercise of federal jurisdiction," *United States v. Windsor*, 133 S. Ct. 2675, 2685 (2013); and (3) statutory standing, which is at issue in this case. Whereas "[c]onstitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing," statutory standing is simply a matter of statutory interpretation. *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007). We inquire "whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Id.*

Applying these principles, the District Court correctly held that Global is not a "servicemember" under the SCRA, as it is not a "member of the uniformed services." 50 U.S.C. § 3911(1). Although federal law treats corporations as "people" in many respects, it does not deem them soldiers. Moreover, the SCRA limits the class of persons who may petition a court for relief under the Act to those with "servicemember" status. 50 U.S.C. § 4021(a). Thus, the plain language of the SCRA precludes Global's standing.

Unlike Global, Davis is a servicemember. As such, he is precisely the sort of plaintiff that the SCRA protects. Contrary to the City's arguments and the District Court's implicit holding, his complaint is not defeated for lack of statutory standing.

Unfortunately for Davis, he has not—and cannot—state a claim for relief under the SCRA. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted). To state a claim for relief, Davis was required to plead facts sufficient to prove the following elements of a SCRA claim: (1) an interest at a rate above six percent (2) assessed against a servicemember while on active duty (3) based on delinquent property taxes relating to "property . . . owned individually by a *servicemember* or jointly by a servicemember and a dependent or dependents." 50 U.S.C. § 3991(e) (emphasis added). Davis cannot satisfy the second or third elements because it is undisputed that Global owns the property in question and that Global alone is liable for the tax debt.[4] Under Pennsylvania law, Global has its own legal identity, so Davis may not invoke the SCRA on Global's behalf. Nor may Davis appeal to equity to pierce Global's corporate veil based purely on the unremarkable fact that Global has no corporate shareholders or personnel beyond Davis and absent any evidence that the entity was nothing but a sham, as it is well established that "[m]ere stock ownership by a small number of shareholders does not blur the distinction between individual and corporate entities." *In re Deed of Trust of Rose Hill Cemetery Ass'n*, 590 A.2d 1, 4 (Pa. 1991); *see also Sams v. Redevelopment Auth. of City of New Kensington*, 244 A.2d 779, 781 (Pa. 1968) ("[O]ne cannot choose to accept the benefits incident to a corporate enterprise and at the same time brush aside the corporate form when it works to their (shareholders') detriment."); *Barium Steel Corp. v. Wiley*, 108 A.2d 336, 341 (Pa. 1954) ("The fact that one person owns all of the stock does not make him and the corporation one and the same person.").

Contrary to Davis's argument, an SCRA provision circumscribing the obligations of servicemember-owned businesses hurts—not helps—his case. That provision states that "[i]f the trade or business . . . of a servicemember has an obligation or liability for which the servicemember is *personally liable*, the assets of the servicemember *not held in connection with the trade or business* may not be available for satisfaction of the obligation or liability during the servicemember's military service." 50 U.S.C. § 4026(a)

---

[4] Davis concedes that the City has applied the SCRA to his personal liabilities.

(emphases added). This simply means that "business creditors cannot execute on the servicemember's non-business assets to satisfy business debt." *Newton v. Bank of McKenney*, 2012 WL 1752407, at \*6 (E.D. Va. May 16, 2012). A "necessary corollary to this rule is that business creditors *are* allowed to execute on the servicemember's *business assets* to satisfy business debt, even if the servicemember is personally liable for that business debt." *Id.* (emphases added). Hence, even in the event that some or all of the money owed by Global to the City effectively comes out of Davis's pocket, nothing in the SCRA would stand in the way so long as his non-business assets are respected.

## III

It is an unfortunate twist of law and fate that Davis and his wife, in transferring their rental property to Global in order to protect their financial interests during Davis's period of military service, unwittingly undermined existing safeguards of those interests. Undoubtedly, denying these safeguards to Davis's closely held company runs counter to the SCRA's ambition that servicemembers feel secure in their tax and legal affairs during their active duty deployments so that they may "devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902(1). But Davis received all the benefits that come with incorporation, and he cannot have his cake and eat it too. The clear text of the SCRA limits its protections to property owned individually by a servicemember or jointly by a servicemember and a dependent. Because Global owns the property in question and the City has applied the SCRA's protections to Davis's personal liabilities, we will affirm the judgment of the District Court.