IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Galman Group                 :
                                      :
       v.                  : No.  804 C.D. 2022
                                        : Submitted: February 6, 2024
Kathryn Swift,               :
              Appellant   :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED:  March 13, 2024

Kathryn Swift (Swift) appeals from the order of the Court of Common Pleas of Montgomery County (trial court), dated April 26, 2022, which denied her petition to reopen and reconsider this landlord-tenant dispute.[1]  Swift argues she was wrongly evicted because of a procedural error in 2017.  After careful review, we affirm.

## I. Background

Swift was formerly a tenant at an apartment owned by the Galman Group.  On August 24, 2017, a magisterial district judge entered judgment against Swift and in favor of the Galman Group for unpaid rent in the amount of $51.50.  Swift appealed to the trial court and obtained a supersedeas.  The Galman Group filed a praecipe on November 2, 2017, averring Swift failed to pay her rent for more than 30 days.  Upon confirming Swift's failure to pay, the Montgomery County Prothonotary terminated the supersedeas.  The magisterial district judge granted an order for possession to the Galman Group on November 6, 2017.  Swift then filed an emergency motion to

---

[1] Swift represented herself throughout the proceedings in the trial court and continues to represent herself on appeal.

stay her eviction, which the trial court denied after a hearing on November 17, 2017. Swift filed an appeal to the Pennsylvania Superior Court, which quashed her appeal as interlocutory on February 26, 2018. *Galman Grp. v. Swift* (Pa. Super., No. 3702 EDA 2017, order filed Feb. 26, 2018) (per curiam).

Swift filed various pleadings after her eviction, including a motion for special relief on December 10, 2018. The trial court denied Swift's motion by order dated April 2, 2019, and dismissed the case with prejudice. Swift appealed to the Superior Court a second time, but the Court dismissed her appeal on October 1, 2020, citing substantial defects in her appellate brief. *Galman Grp. v. Swift* (Pa. Super., No. 1113 EDA 2019, judgment order filed Oct. 1, 2020). Swift attempted to file an appeal to the Pennsylvania Supreme Court at docket number 430 MT 2020. The Court closed Swift's case on December 21, 2020, because of her failure to make corrections and perfect a petition for allowance of appeal.

Swift continued to file new pleadings. After a hearing, by order dated March 18, 2021, the trial court directed the Montgomery County Prothonotary to close the case. Swift appealed to the Superior Court once again, which dismissed her appeal on June 25, 2021. *Galman Grp. v. Swift* (Pa. Super., No. 766 EDA 2021, order filed June 25, 2021) (per curiam). The Court reasoned Swift had appealed the case to its conclusion after the trial court entered the April 2, 2019 dismissal order, and there was no remaining controversy for the Court to decide. *Id.*

Swift filed a petition to reopen and reconsider the case on November 23, 2021. Swift argued she should not have been evicted because the magisterial district judge never entered an eviction order. In addition, she argued she was not late on her rent in 2017 and complied with the magisterial district judge's August 24, 2017 judgment by paying the alleged rent in arrears to the Galman Group. The Galman Group filed

a response, asserting the case had ended, and it no longer owned the building where Swift was a tenant. Swift filed an answer to the Galman Group's response. The trial court denied Swift's petition by order dated April 26, 2022. Swift appealed to this Court.[2]

## II. Discussion

Swift's brief is difficult to interpret. Primarily, she appears to be arguing there was a violation of Rule 1008 of the Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges, Pa.R.Civ.P.M.D.J. 1008, during the litigation in 2017 because she received inadequate notice of the praecipe the Galman Group filed to terminate her supersedeas.[3] Swift's Br. at 3-5, 7-8, 11-12, 16. As a result of this inadequate notice, Swift contends she did not have the opportunity to present an affidavit indicating her indigency or otherwise defend herself during the hearing on November 17, 2017. *Id.* Swift asks that we provide her with keys to her

---

[2] Swift's appeal was docketed in the Superior Court, which transferred the case here because Swift indicated she wanted to appeal to the Commonwealth Court in her notice of appeal. *Galman Grp. v. Swift* (Pa. Super., No. 1397 EDA 2022, order filed June 28, 2022) (per curiam). Although this case would not normally fall within our appellate jurisdiction, the Galman Group has not objected, and our Supreme Court has expressed disapproval of repeated transfers. *See* 42 Pa.C.S. § 704(a); *Balshy v. Rank*, 490 A.2d 415, 416 (Pa. 1985). Therefore, we will consider Swift's appeal.

[3] Under Rule 1008(A)-(B), filing a notice of appeal from a judgment of possession of a magisterial district judge operates as a supersedeas when the tenant deposits with the prothonotary "the lesser of three months' rent or the rent actually in arrears . . . and, thereafter, deposits cash or bond with the prothonotary in a sum equal to the monthly rent that becomes due during the period of time the proceedings upon appeal are pending." Pa.R.Civ.P.M.D.J. 1008(A)-(B). If the tenant fails to make the appropriate deposits, the landlord may file a praecipe to terminate the supersedeas, and notice of the termination "shall be forwarded by first class mail to the attorneys of record, or, if a party is unrepresented, to the party's last known address of record." Pa.R.Civ.P.M.D.J. 1008(B). Under Rule 1008(C), an "[i]ndigent" tenant may file an affidavit explaining he or she is unable to pay the lesser of three months' rent or the rent actually in arrears, in which case the tenant must pay his or her monthly rent to maintain a supersedeas. Pa.R.Civ.P.M.D.J. 1008(C).

3

former apartment "as soon as possible by mail, or ordered [sic] to pick up the keys at [the] leasing office where [Swift's] lease was signed at." *Id.* at 17.

This Court cannot grant the relief that Swift requests. Generally, "[a] tribunal loses jurisdiction to change an order once it becomes final; otherwise, nothing would ever be settled. . . . Absent a specific rule or statute, the only exception is to correct obvious technical mistakes (e.g., wrong dates) **but no substantive changes can be made**."[4] *Ettelman v. Dep't of Transp., Bureau of Driver Licensing*, 92 A.3d 1259, 1262 (Pa. Cmwlth. 2014) (quoting *City of Phila. Police Dep't v. Civ. Serv. Comm'n of the City of Phila.*, 702 A.2d 878, 880 (Pa. Cmwlth. 1997)) (emphasis added). We will not "countenance attempts to extend or renew litigation after a matter has been adjudicated and finally determined by an order no longer subject to reconsideration, reargument or appeal." *Id.* (quoting *Dep't of Transp., Bureau of Motor Vehicles v. Kosak*, 639 A.2d 1252, 1257 (Pa. Cmwlth. 1994)).

As we summarized above, the trial court dismissed Swift's case with prejudice by order dated April 2, 2019. Swift appealed unsuccessfully. In response to Swift's additional pleadings, the trial court entered an order dated March 18, 2021, directing the Montgomery County Prothonotary to close the case. Swift then lodged another unsuccessful appeal. Accordingly, the trial court's orders disposed of this case, and Swift exhausted her appellate rights. The case is now over, and Swift articulates no legal theory that would confer jurisdiction on the trial court to reopen or reconsider

---

[4] *See also* Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."); Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.").

4

it.  *See Ettelman*, 92 A.3d at 1262.  The trial court correctly denied Swift's petition, and we must affirm the April 26, 2022 order**.**

### III. Conclusion

Based on the foregoing, we affirm the trial court's April 26, 2022 order, which denied Swift's petition to reopen and reconsider this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Galman Group | : | |
| | : | |
| v. | : | No. 804 C.D. 2022 |
| | : | |
| Kathryn Swift, | : | |
| Appellant | : | |

**PER CURIAM**                **O R D E R**


     **AND NOW**, this 13th day of March 2024, the order of the Court of Common Pleas of Montgomery County, dated April 26, 2022, is **AFFIRMED**.