444 A.2d 157

**Elva LYNCH and Madge Lynch, Appellants,**

v.

**James HOOK and R–J Land Company, a Pennsylvania Corporation.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1981.

Filed April 12, 1982.

Petition for Allowance of Appeal Denied July 19, 1982.

28

George Retos, Jr., Washington, for appellants.

Milton D. Rosenberg, Washington, for appellees.

Before WICKERSHAM, WIEAND and BECK, JJ.

BECK, Judge:

Appellants are two of the three children and heirs of the widow Ora D. Lynch, who died intestate owning an interest in a 155 acre rural tract of land in Greene County, Pennsylvania. They contend that in 1972, James Hook, Esquire, the attorney for the Estate of Ora D. Lynch induced them to sell this tract of land to R–J Land Company, a corporation owned by him and members of his family, without disclosing his interest in that corporation, and without obtaining the prior approval of the Orphan's Court.

In 1978, appellants brought suit in equity in the Court of Common Pleas of Greene County to compel the appellees to reconvey the tract of land to them. The lower court issued a Decree Nisi dismissing the complaint. The appellants filed exceptions which were dismissed by the lower court. On May 21, 1980, the order affirming the Decree Nisi was entered.

It is well settled that transactions between attorneys and clients will be sustained only when good faith and full disclosures attend such transactions. "The relation [attorney and client] is so confidential in its nature that it calls for the exercise of the most perfect good faith . . . [and] no shadow of anything like deception or unfair dealing upon

the part of an attorney, can be countenanced." *Kribbs v. Jackson,* 387 Pa. 611, 621, 129 A.2d 490, 495, 496 (1957). *Accord, Points v. Gibboney,* 340 Pa. 522, 17 A.2d 365 (1941). The law "often declares transactions between . . . [attorneys and their clients] void, which between other persons would be unobjectionable. Unless the transaction is fair and conscionable, it is deemed a constructive fraud." *Kribbs, supra,* quoting *Shoemaker v. Stiles,* 102 Pa. 549 (1883). When the propriety of a transaction between attorney and client has been put at issue, the burden is on the attorney to show by a preponderance of the evidence that his conduct has conformed to these strict standards. *Meara v. Hewitt,* 455 Pa. 132, 314 A.2d 263 (1974).

 In their appeal, appellants first contend that the attorney did not disclose that he had an interest in the R–J Land Company at the time that the transaction took place.[1] The trial court found as fact that at the time of the signing of the deed transferring the tract to R–J Land Company, the appellants were aware that the attorney, his father, and his brother had an interest in that company. An appeals court cannot sit as a trier of issues of fact and must accept the finding of facts of the lower court as the basis of its review. The scope of appellate review of a decree in equity is particularly limited and such a decree will not be disturbed unless it is unsupported by evidence or demonstrably capricious. *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980). After a thorough review of the record, we conclude that adequate evidence supports the trial court's findings of fact. (Record, 29a–32a, 227a–239a, 256a–271a, 275a–285a.)

Appellants next argue that Section 3356 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 3356 requires an attorney for an estate, like the estate's "personal representative," to obtain prior approval from the Orphan's Court before purchasing property from the estate.[2]

---

1. Appellants do not now contend that they received less than fair value for the tract of land in question.

2. 20 Pa.C.S.A. § 3356 states: "In addition to any right conferred by a governing instrument, if any, the personal representative, in his

■ This argument requires us to hold that an attorney for an estate is a "personal representative" under Section 3351 of the Probate Code. This contention is meritless. We begin with the reminder that under the Statutory Construction Act, 1 Pa.C.S.A. 1903(a), "[w]ords and phrases shall be construed according to ... their common and approved usage; but technical words and phrases and such other as have acquired a peculiar and appropriate meaning or are defined in this act, shall be construed according to such peculiar and appropriate meaning or definition." The term "personal representative" has a meaning specifically defined in the Probate Code, *i.e.* "executor or administrator of any description." 20 Pa.C.S.A. § 102. This definition of "personal representative" when contained in the Probate Code itself, is controlling for the section here to be construed. *Riverside Iron and Steel Corp. v. City of Monongahela*, 52 Wash.Co. 163, *aff'm*, 7 Pa.Cmwlth. 269, 298 A.2d 918 (1972). The terms "executor" and "administrator" are in turn defined in the Statutory Construction Act, 1 Pa.C.S.A. § 1991. This Act describes an "executor" as a "fiduciary named in a will to execute its provisions and administer the estate of the testator," and an "administrator" as a "fiduciary appointed under authority of law by a register of wills or court to administer the estate of a decedent." Since the decedent died intestate, the attorney cannot be an executor, nor is he an administrator since he was not appointed by a register of wills or court to that position. Therefore, the attorney cannot be classed as a "personal representative" under the Probate Code, and his behavior is not controlled by the requirements of Section 3356.

■ In summary, at common law, an attorney is bound by strict requirements of "perfect good faith" and fair dealing in transactions with his client. If such an attorney-client transaction is questioned, the attorney bears the burden of

individual capacity, may bid for, purchase, take a mortgage on, lease, or take by exchange, real or personal property belonging to the estate, subject, however, to the approval of the court, and under such terms and conditions and after such reasonable notice to parties as it shall direct . . . ."

showing full disclosure and that the transaction was "fair and conscionable." *Meara v. Hewitt, supra. Accord, Ruth v. Crane*, 392 F.Supp. 724 (E.D.Pa.1975). An attorney for an estate, however, is not subject to the additional restrictions relating to purchases from an estate imposed by statute on a "personal representative," *i.e.*, an executor or administrator of an estate. This distinction is reasonable, because an attorney to an estate, unlike a "personal representative," lacks the power to sell personal and real property belonging to the estate. 20 Pa.C.S.A. § 3351.[3] The function of Section 3351 of the Probate Code is to ensure that these special powers of the personal representative are not abused to the detriment of the beneficiaries of the estate.

The order of the court below is affirmed.

---

**3.** 20 Pa.C.S.A. § 3351 states: "Except as otherwise provided by will, if any, the personal representative may sell, at public or private sale, any personal property whether specifically bequeathed or not, and any real property not specifically devised . . . ."