472 A.2d 703

**Ruth E. DALEY, Jacob E. Hornbaker, Melvin E. Hornbaker, Dorothy M. Senseny and Clarence Roy Hornbaker, Administrators of the Estate of Melvin Moody Hornbaker, deceased and Administrators of the Estate of Mary Jane Hornbaker, Deceased, Appellants,**

**v.**

**David E. HORNBAKER, Sr., and Debra K. Hornbaker, his wife.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 1983.

Filed March 2, 1984.

174

Gregory L. Kiersz, Waynesboro, for appellants.

Dennis Anson Zeger, Mercersburg, for appellees.

Before McEWEN, JOHNSON and POPOVICH, JJ.

JOHNSON, Judge:

Appellants, administrators of the estates of Melvin Moody Hornbaker and Mary Jane Hornbaker, appeal from the judgment entered June 17, 1983. Said judgment was based on the order of March 4, 1983 dismissing their exceptions to the decree nisi of September 27, 1982.

The instant equity action was based on a transfer of 73 acres of real property from Mary Jane Hornbaker to her grandson and his wife, appellees. The property was owned by Mary Jane and Melvin Moody Hornbaker, husband and wife, as tenants by the entireties. The deed transferring

the property, prepared by appellee David E. Hornbaker, was executed on February 20, 1981 during Mary Jane Hornbaker's hospitalization. It was stipulated pretrial that Mary Jane Hornbaker forged the signature of her husband Melvin on the deed. Melvin died the following day. Mary Jane died March 7, 1981.

Appellants filed their equity complaint August 11, 1981 seeking, *inter alia*, that the said deed be declared null and void and the property be conveyed back to the estate of Mary Jane Hornbaker. The trial court denied relief on September 27, 1982 and appellants' exceptions were subsequently denied as well.

Appellants raise three issues on appeal, whether the trial court erred (1) in disregarding admissions of fact and evidence concerning undue influence and a confidential relationship between appellees and the deceased grantor, (2) in failing to consider equitable principles of law and public policy concerning this conveyance of property held as tenants by the entireties, and (3) in failing to find that appellees waived the provisions of the Dead Man's Act by participating in pretrial discovery. Finding no error, we affirm.

█ We note initially that our scope of appellate review of a decree in equity is particularly limited and said decree will not be disturbed unless unsupported by the evidence or demonstrably capricious. *Lynch v. Hook,* 298 Pa.Super. 27, 444 A.2d 157 (1982).

We need only address appellants' second issue, as it is clear that appellants are estopped from asserting the invalidity of the conveyance in the instant case. Appellants argue that the trial court erred in failing to consider equitable principles of law and public policy making the conveyance by Mary Jane Hornbaker void.[1] Specifically, appellants allege that the trial court disregarded the fact that the conveyance involved entireties property. Our review of the

---

**1.** We note that appellants, as part of this second argument, have not specifically raised any public policy issue, nor any equitable principle of law other than the rules concerning the transfer of entireties property.

record, including the opinions of the trial court dated September 27, 1982 and March 7, 1983, convinces us that the trial court did not err.

 Mary Jane and Melvin Moody Hornbaker held the real property in question as tenants by the entireties. The essential characteristic of an entireties estate is that each spouse is seized "per tout et non per my", meaning of the whole or the entirety and not of a share, moiety or divisible part. *In re Gallagher's Estate*, 352 Pa. 476, 43 A.2d 132 (1945); *Gasner v. Pierce*, 286 Pa. 529, 134 A. 494 (1926). As each spouse owns the entire estate, upon the death of one spouse, the survivor continues to hold not as a new estate, but as a continuation of the previous estate. *Porobenski v. Am. Alliance Ins. Co.*, 317 Pa. 410, 176 A. 205 (1935). An estate by the entireties is incapable of dissolution by one of the owners without the consent of the other, and neither spouse alone may alienate his or her interest in the property during the other's lifetime.[2] *Polka v. May*, 383 Pa. 80, 118 A.2d 154 (1955); *Thees v. Prudential Ins. Co.*, 325 Pa. 465, 190 A. 895 (1937); *Fascione v. Fascione*, 272 Pa.Super. 530, 416 A.2d 1023 (1979).

 However, despite this well-settled rule, appellants are estopped from denying the validity of the deed. A grantor is estopped to assert anything in derogation of his deed, as against grantee. *General Contract Purchase Corp. v. Bitomski*, 102 Pa.Super. 266, 156 A. 727 (1931); 31 C.J.S. Estoppel § 13; 14 P.L.E. Estoppel § 3. *See also Jordan v. Chambers*, 226 Pa. 573, 75 A. 956 (1910). This doctrine of estoppel by deed applies as well to the grantor's devisees, executors and other successors. *See Grossman v.*

2. An exception to this rule exists where one spouse appropriates entireties property for his or her own use, to the detriment of the other spouse. The institution of an action for partition by the excluded spouse may revoke the estate, by virtue of the fiction that such appropriation is an offer of an agreement to destroy the estate by the appropriating spouse which is accepted by the excluded spouse by the institution of the action. *Backus v. Backus*, 464 Pa. 380, 346 A.2d 790 (1975); *Gray v. Gray*, 275 Pa.Super. 131, 418 A.2d 646 (1980). However, no action was instituted by Melvin Moody Hornbaker in the instant case.

*Hill,* 384 Pa. 590, 122 A.2d 69 (1956). Appellants, as administrators of Mary Jane Hornbaker's estate, clearly fall into this category as successors to the interests of Mary Jane Hornbaker. *See* 31 C.J.S. Estoppel § 13; *Council v. Pitt,* 272 N.C. 222, 158 S.E.2d 34 (1967) (where spouse making sole conveyance of entireties property survives other spouse, grantee acquires title by estoppel and those claiming under surviving spouse as heirs at law are estopped to deny validity of grantee's title).

■ Also, an estate or title subsequently acquired by the grantor who conveys under warranty inures to the benefit of the grantee. *Jordan v. Chambers, supra;* 31 C.J.S. Estoppel § 21; 14 P.L.E. Estoppel § 7. In the instant case, the deed conveyed was by general warranty, thereby making this principle applicable. This rule applies equally whether the party assuming to convey title acted under an honest mistake or *committed a fraud.*[3] 31 C.J.S. Estoppel § 21; *Columbian Carbon Co. v. Kight,* 207 Md. 203, 114 A.2d 28 (1955) (lease agreement).

■ In *Thees v. Prudential Ins. Co., supra,* it was held that the husband, whose name was forged on a deed to real property allegedly conveying entireties property, was not estopped to establish the forgery and void the conveyance executed by his wife and the grantee. That situation is distinguishable from the instant case for two reasons. First, the death of Melvin Moody Hornbaker extinguished any and all rights he held in the conveyed property as tenant by the entireties. Although he certainly would have been entitled to bring such an action prior to this death, appellants as administrators of his estate have no interest in the real property, as even if the conveyance is deemed void, Melvin's death relinquished all his rights in the property. Secondly, appellants as administrators of the estate of Mary Jane Hornbaker, as representatives of her interests, are barred by estoppel from denying appellees' title in the property. *See Council v. Pitt, supra* and *Meachem v.*

---

**3.** Appellants in the instant case allege the transaction was fraudulent because of the forged signature of Melvin Moody Hornbaker.

*Boyce,* 35 N.C.App. 506, 241 S.E.2d 880 (1978) (during coverture, spouse making conveyance of entireties property not estopped to deny its validity, but when restraint on coverture removed by death or divorce, estoppel principles are triggered).

We are aware that Mary Jane Hornbaker did not "subsequently obtain" good title to the property upon the death of her husband, but merely was released from any restrictions concerning her alienation or encumbering the said property. *See Porobenski v. Am. Alliance Ins. Co., supra.* However, we believe the after-acquired title estoppel principles set forth *supra* are properly applied to the instant case.

Because appellants were barred by estoppel from denying the validity of appellees' title pursuant to the deed dated February 20, 1981, we need not discuss appellants' remaining issues.

Judgment affirmed.