682 A.2d 1282

**Barry KOFFMAN, Executor of the Estate of Albert Koffman, Appellant,**

v.

**Luke SMITH, David Kingsley d/b/a Carolina Furniture, Appellees.**

**Barry KOFFMAN, Executor of the Estate of Albert Koffman, Appellee,**

v.

**Luke SMITH, David Kingsley d/b/a Carolina Furniture, Appellants.**

Superior Court of Pennsylvania.

Submitted May 28, 1996.

Filed Aug. 28, 1996.

16

18

John F. Murphy, Wellsboro, for Barry Koffman.

Michael J. Dowd, Athens, for Luke Smith & David Kingsley.

Before TAMILIA, KELLY, and HOFFMAN, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether, upon dissolution, the conveyance by two former business partners of the assets of a partnership to themselves amounted to a fraudulent conveyance entitling a judgment creditor to

relief under the Pennsylvania Uniform Fraudulent Conveyance Act; whether that conveyance was in violation of the provision of the Pennsylvania UFCA requiring that creditors be paid before the assets of a partnership can be distributed to the partners; whether relief in the form of a constructive trust is appropriate under the circumstances to enforce the judgment debt; and whether the partners' conduct was arbitrary, vexatious, and intended to delay and harass the judgment creditor in his legitimate claims such that the trial court should have ordered the partners to pay damages and reimburse the judgment creditor for the attorneys' fees which he incurred. We are further asked to determine whether property held as tenants by the entirety is always unavailable to creditors of one of the tenants and where a sheriff's unfavorable determination of a property claim by a third person claimant is not timely objected to by that third person, whether such determination is *res judicata* as to any subsequent execution on the same property by the third person claimant. We hold that Mr. Smith and Mr. Kingsley fraudulently conveyed partnership assets in order to hinder, delay, or defraud their creditor, Mr. Koffman, and therefore Mr. Koffman is entitled to relief in the form of appropriate damages. We hold that a constructive trust may be imposed against the assets of Mr. Smith and Mr. Kingsley to avoid unjust enrichment. In addition, we do not conclude that Mr. Koffman is entitled to recover attorneys' fees and damages related to the litigation. Further, we do not conclude that, in order to pursue his allegations of fraudulent conveyance, Mr. Koffman must first bring an action in equity, seeking to set aside the conveyances. Finally, we agree with the trial court that the doctrines of *res judicata* and collateral estoppel do not apply to the initial determination made by the sheriff that Mr. Smith and Mr. Kingsley held title to the claimed property. Hence, we affirm in part and reverse in part.

The relevant facts and procedural history are as follows. On April 16, 1993, the Supreme Court of Broome County, New York, rendered a decision in favor of appellant, Barry Koffman, as Executor of the Estate of Albert Koffman (hereinaf-

ter, Mr. Koffman), against appellees, Luther Smith and David Kingsley, d/b/a Carolina Wholesale Furniture. On July 16, 1993, the court awarded Mr. Koffman damages in the amount of $25,701.01 plus costs. On December 31, 1992, after the complaint had been filed, but prior to the judgment and award of damages, Mr. Kingsley and Mr. Smith dissolved their partnership in Carolina Wholesale Furniture. In conjunction with this dissolution, Mr. Kingsley conveyed to Mr. Smith and his wife, Susan Smith, all the assets of the partnership known as Carolina Wholesale Furniture (150,000 shares of stock) for consideration in the sum of $1.00. At the time of the dissolution, Mr. Kingsley and his wife, Sheila Kingsley, received a $200,000.00 note secured by a second mortgage on a property on Water Street in East Smithfield, Pennsylvania.

On October 29, 1993, Mr. Koffman entered a foreign judgment in Bradford County, to recover the damages awarded to him in New York, under the Uniform Enforcement of Foreign Judgments Act.[1] At this time, judgment was named against Mr. Smith and Mr. Kingsley d/b/a Carolina Wholesale Furniture. On September 29, 1994, Mr. Koffman filed a writ of execution and levied by garnishee upon: 1) a $200,000.00 demand note due Mr. Kingsley by the garnishee, identified in the writ as "Carolina Wholesale Furniture, a Corporation Successor in Interest to the Partnership" and 2) all corporate stock of the garnishee owned by Mr. Smith and his wife, Susan Smith. On November 11, 1994, pursuant to Pa.R.Civ.P. 3258, the Kingsleys filed exceptions to the writ, asserting that the mortgage and note to the East Smithfield property belonged to them as tenants by the entirety. The Kingsleys asserted that the mortgage and note had been transferred to them incidental to the dissolution of the partnership. The Smiths also filed a property claim pursuant to Pa.R.Civ.P. 3258 on November 11, 1994, claiming that they held the 150,000 shares of Carolina Wholesale Furniture Stock as tenants by the entirety. After reviewing the paperwork from the conveyance, Steven A. Evans, Sheriff of Bradford County, determined on November 18, 1994, that the Kingsleys and the

1. 42 Pa.C.S.A. § 4306.

Smiths were *prima facie* owners of the properties described in the writ.

On January 27, 1995, Mr. Koffman filed a motion to dismiss the Kingsley's and the Smiths' Rule 3258 property claims. The trial court dismissed Mr. Koffman's motion on April 6, 1995 because Mr. Koffman failed to provide any claim or justification for his failure to object to the sheriff's determination within the ten-day period mandated by Pa.R.Civ.P. 3206(b).

On April 27, 1995, Mr. Koffman filed a second praecipe for writ of execution, attempting to levy the same property that he sought in the first writ. On May 31, 1995, pursuant to Pa.R.Civ.P. 3202, the Smiths and the Kingsleys made claims for ownership, respectively to the stock and the demand note. Sheriff Steven A. Evans determined title in favor of the Smiths and the Kingsleys on June 6, 1995. On June 13, 1995, Mr. Koffman filed a timely objection to the sheriff's determination of the property. Mr. Kingsley and Mr. Smith moved to dismiss the sheriff's determination on August 29, 1995, asserting that the action of the execution was barred by *res judicata* and collateral estoppel. The matter went to trial before the court, sitting without a jury, on September 6, 1995. At this time, the trial court found in favor of the Smiths and the Kingsleys. On October 5, 1995, Mr. Koffman filed his timely notice of appeal, which was followed on October 19, 1995, by the timely cross-appeal of Mr. Smith and Mr. Kingsley.

Appellant, Mr. Koffman, raises the following issues for our review:

1. WHETHER THE DEFENDANTS' CONVEYANCE OF THE ASSETS OF THEIR PARTNERSHIP TO THEMSELVES WAS IN VIOLATION OF THE PROVISIONS OF THE APPLICABLE UNIFORM PARTNERSHIP ACT REQUIRING THAT CREDITORS BE PAID BEFORE THE ASSETS OF A PARTNERSHIP BE DISTRIBUTED TO THE PARTNERS.

2. WHETHER THE DEFENDANTS' CONVEYANCE OF THE ASSETS OF THEIR PARTNERSHIP TO

24

THEMSELVES AMOUNTED TO A FRAUDULENT CONVEYANCE ENTITLING THE PLAINTIFF TO RELIEF UNDER THE PENNSYLVANIA UNIFORM FRAUDULENT CONVEYANCE ACT.

3. WHETHER THE ASSETS OF THE DEFENDANTS SHOULD BE IMPRESSED WITH A CONSTRUCTIVE TRUST IN FAVOR OF THE PLAINTIFF TO ENFORCE THE PLAINTIFF'S JUDGMENT DEBT.

4. WHETHER THE COURT OF COMMON PLEAS SHOULD HAVE FOUND THE DEFENDANTS' CLAIMS ARBITRARY, VEXATIOUS, AND BAD-FAITH CONDUCT INTENDED TO DELAY AND HARASS THE PLAINTIFF IN HIS LEGITIMATE CLAIMS AND SHOULD HAVE ORDERED THE DEFENDANTS TO PAY THE PLAINTIFF THE DAMAGES AND ATTORNEY'S FEES HE INCURRED, PURSUANT TO 42 *PA.C.S.* § 8351(a) (1982).

(Appellant's Brief at 3).

Our scope of review has been set forth as follows:

The scope of appellate review of a decree in equity is particularly limited and such a decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. *Daley v. Hornbaker,* 325 Pa.Super. 172, 472 A.2d 703 (1984); *Lynch v. Hook,* 298 Pa.Super. 27, 444 A.2d 157 (1982). The test is not whether we would have reached the same result on the evidence presented, but whether the judge's conclusion can be reasonably drawn from the evidence. *In re Estate of Tippins,* 487 Pa. 107, 408 A.2d 1377 (1979); *Hoffman v. Gekoski,* 250 Pa.Super. 49, 378 A.2d 447 (1977).

\* \* \* \* \* \*

The findings of the chancellor will not be reversed unless it appears that he clearly abused his discretion or committed an error of law. [*Frowen v. Blank,* 493 Pa. 137, 425 A.2d 412 (1981).]

*Walton v. Philadelphia National Bank,* 376 Pa.Super. 329, 334–35, 545 A.2d 1383, 1386 (1988) (quoting *Lombardo v. DeMarco,* 350 Pa.Super. 490, 495, 504 A.2d 1256, 1258 (1985)).

■ For the sake of clarity, we will address Mr. Koffman's second issue first. Mr. Koffman's second issue asserts that Mr. Kingsley's and Mr. Smith's conveyance of the partnership assets amounted to a fraudulent conveyance which entitles Mr. Koffman to relief under the Pennsylvania Uniform Fraudulent Conveyance Act.[2] We agree.

The Pennsylvania Uniform Fraudulent Conveyance Act, in relevant part, provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

39 P.S. § 357 (repealed).

■ Under 39 P.S. § 354, when a creditor establishes that the grantor was in debt at the time of the conveyance, the burden shifts to the grantees to establish, by clear and convincing evidence, whether the grantor was then solvent and not rendered insolvent by the conveyance, or that he received fair consideration for the conveyance. *Leopold v. Tuttle,* 378 Pa.Super. 466, 471, 549 A.2d 151, 153–54 (1988); *Stinner v. Stinner,* 300 Pa.Super. 351, 354, 446 A.2d 651, 652 (1982). In order to create a presumption and shift the burden of proof under this section, a party must adequately establish the fraudulent intent of the conveyance debtor, as well as the existence of a present or future creditor at the time of the conveyance. *Leopold v. Tuttle, supra* at 471, 549 A.2d at 154. *Leopold v. Tuttle, supra,* defines a future creditor as follows:

2. In Pennsylvania, the UFCA was repealed and re-enacted by the Act of December 3, 1993, P.L. 479, No. 81, codified at 12 Pa.C.S.A. §§ 5101–5110, and renamed the Uniform Fraudulent Transfer Act (UFTA). The UFTA is applicable to transfers made after its effective date of February 1, 1994. The transfers complained of herein took place in 1992, therefore, the UFCA is still applicable to this matter. 12 Pa.C.S.A. §§ 5101–5110; *In re Sverica Acquisition Corp., Inc.,* 179 B.R. 457 (Bankr.E.D.Pa.1995). *See Nimick v. Shuty,* 440 Pa.Super. 87, 655 A.2d 132 (1995).

"[O]ne with a legal claim against a person at the time that person makes a conveyance, even one that has not yet been reduced to judgment or even filed, is a future creditor who is entitled to set aside the conveyance if he can show it was made with actual intent to hinder, delay, or defraud present or future creditors." *Id.* (quoting *Stauffer v. Stauffer,* 465 Pa. 558, 351 A.2d 236 (1976)). A future creditor is further defined as a creditor whose claim may foreseeably arise in the near future and exists when a conveying party can reasonably foresee incurring the costs of a judgment at the time of the conveyance. *Id.*

█ The relevant evidence of record shows that on December 31, 1992, after Mr. Koffman filed his complaint against Mr. Kingsley and Mr. Smith, but before Mr. Koffman received the money judgment in his favor, Mr. Kingsley and Mr. Smith dissolved their partnership. (N.T. 9/5/95 at 20). At this time, Mr. Kingsley conveyed to Mr. Smith and his wife all the assets of the partnership for $1.00 in consideration. (stock certificate, dated 3/3/93). In conjunction with the dissolution, Mr. Kingsley and his wife received a $200,000.00 mortgage and note secured on a property in East Smithfield, Pennsylvania. (Mortgage, dated 1/6/93 at 1–4). Mr. Smith testified that he and Mr. Kingsley dissolved the partnership and conveyed the property after the complaint had been filed, although they were aware that they could foreseeably incur the cost of Mr. Koffman's claim in the near future. (N.T. 2/28/95 at 26–27). Mr. Smith further testified that he and Mr. Kingsley deliberately avoided reserving any assets from the dissolution to satisfy Mr. Koffman's claim. (*Id.* at 27). Therefore, because the possibility of a future claim existed, Mr. Koffman was raised to the status of future creditor.

The burden then shifted to Mr. Smith to show that either Mr. Kingsley was solvent or that he had received fair consideration from Mr. Smith for the conveyance. The sole explanation Mr. Smith offered for the dissolution of the partnership and the conveyance was that his goals and Mr. Kingsley's goals were different; no further explanation was given. (*Id.* at 24). We conclude that this statement alone does not

constitute "clear and convincing evidence" of fair consideration nor does it provide evidence of an untainted conveyance. This conclusion, in conjunction with the facts that the property was conveyed in entirety to Mr. and Mrs. Smith and Mr. Smith was to assume any and all debts and liabilities of the company, are enough to indicate Mr. Smith's and Mr. Kingsley's intent to hinder and defraud Mr. Koffman in his efforts to collect the money judgment. (See *id.* at 19). Further, because Mr. and Mrs. Kingsley received a note and mortgage in exchange for the conveyance, this transaction effected Mr. Kingsley's withdrawal from the business while allowing him to retain a valuable investment and interest in the partnership. This arrangement also demonstrated intent to avoid any financial obligations to creditors, but allowed Mr. Kingsley to maintain his interest in the business. Therefore, based upon the record and in accordance with the standard set forth in *Leopold v. Tuttle, supra,* we conclude that Mr. Kingsley and Mr. Smith failed to prove by clear and convincing evidence that the conveyance was supported by consideration. We therefore reverse the trial court's judgment in pertinent part and hold, in accordance with 39 P.S. § 357, that Mr. Smith and Mr. Kingsley fraudulently conveyed property in order to hinder, defraud or delay their creditor, Mr. Koffman.

■ Further,

it is well established through judicial interpretation that Pennsylvania adheres to the majority view which regards property held by tenants by the entireties as unavailable to creditors of one of the tenants. *Stinner v. Stinner,* 300 Pa.Super. 351, 446 A.2d 651 (1982). However, when a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, a creditor may nevertheless execute against the conveyed property. *Stinner, supra; Garden State [Standardbred Sales Co. v. Seese], supra* [417 Pa.Super. 15, 611 A.2d 1239 (1992) ]; *See generally* 39 Pa.S.A. § 359.

*Coscia v. Hendrie,* 427 Pa.Super 585, 590, 629 A.2d 1024, 1026 (1993). Under the UFCA, the remedies available to a creditor

28

whose claims have matured are set forth in 39 P.S. § 359 (repealed), in pertinent part,

   (1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser:

      (a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim; or

      (b) Disregard the conveyance, and attach or levy execution upon the property conveyed.

39 P.S. § 359(1)(a), (b) (repealed).

We conclude that Mr. Kingsley's transfer of 150,000 shares of Carolina Wholesale Furniture stock to Mr. and Mrs. Smith was an attempt to defraud Mr. Koffman of the $25,-701.01 in damages awarded to him by the New York court. We also conclude that the transfer of the mortgage and note for the property in East Smithfield to Mr. and Mrs. Kingsley as tenants by the entirety was an attempt to defraud Mr. Koffman of the damages set forth in the New York judgment. As such, these transactions constitute a fraudulent conveyance and may be set aside. The facts support our conclusion that this conveyance was fraudulent under 39 P.S. § 357, thereby entitling Mr. Koffman to relief under section 359. Resultantly, we reverse the trial court's determination that Mr. Koffman must pursue an action in equity to set aside the conveyance. The Pennsylvania Supreme Court has held that the UFCA places no statutory limitations on the procedure to be used to enforce its provisions. *Greater Valley Terminal Corporation v. Goodman,* 415 Pa. 1, 4, 202 A.2d 89, 92 (1964). The Supreme Court has also held that because the UFCA does not specify a particular course of procedure, any necessary modification, which enables the party challenging the conveyance to obtain the rights afforded by the statute, may be adopted by the trial court. *Schline v. Kine,* 301 Pa. 586, 591, 152 A. 845, 846 (1930). Therefore, we conclude that Mr. Koffman is not limited to an action in equity and that to

prevent Mr. Smith and Mr. Kingsley from reconveying or transferring the property beyond Mr. Koffman's reach, Mr. Koffman may proceed under 39 P.S. § 359(1)(b), disregard the conveyance and attach or levy execution upon all former property of Carolina Wholesale Furniture (including, but not limited to, the $200,000.00 note secured by mortgage on the property in East Smithfield, Pennsylvania and the 150,000 shares of stock).

Mr. Koffman's first issue asserts that Mr. Kingsley's and Mr. Smith's conveyance of their partnership to themselves was in violation of the New York Partnership Act which requires that creditors be paid before the assets of the partnership are distributed to the partners. We agree.

At the outset, it should be noted that the choice of law governing the dissolution of Mr. Kingsley's and Mr. Smith's partnership is that of New York. It is well-settled that matters connected with the performance of a contract are governed by the law prevailing at the place of performance. *Musser v. Stauffer*, 192 Pa. 398, 405, 43 A. 1018, 1018–19 (1899); *Cookson v. Knauff*, 157 Pa.Super. 401, 411, 43 A.2d 402, 407–08 (1945). "Where the contract is either expressly or tacitly to be performed in any other place, the general rule is, in conformity to the presumed intention of the parties, that the contract . . . is to be governed by the law of the place of performance." *Cookson v. Knauff, supra* at 411, 43 A.2d at 408. Mr. Kingsley and Mr. Smith signed the partnership dissolution in Bradford County, Pennsylvania, but the dissolution of the partnership was to occur in Broome County, New York; therefore, New York partnership law is applicable.

According to New York Partnership Law § 61 (McKinney 1988), "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." Moreover, "The dissolution of the partnership does not of itself discharge the existing liability of any partner." N.Y. Partnership Law § 67 (McKinney 1988). The partners of a partnership are each jointly liable for the debts and obligations of the partnership. N.Y. Partnership Law

§ 26(a)(2) (McKinney Supp.1996). When partners dissolve their partnership, it is dictated that they must meet the demands of their creditors before satisfying themselves from the assets of the partnership. N.Y. Partnership Law § 40 gives precedence to the claims of third party creditors over partners themselves:

> The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:
>
> 1. Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and except as provided in subdivision (b) of section twenty-six of this chapter, each partner must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.

N.Y. Partnership Law § 40(1) (McKinney Supp.1996). Furthermore, N.Y. Partnership Law § 71 "Rules for Distribution" expressly provides that claims of third party creditors take precedence when distributing the assets of the partnership:

> In settling accounts between the partners after dissolution, the following rules shall be observed, subject to any agreement to the contrary:
>
> \*    \*    \*    \*    \*    \*
>
> (b) The liabilities of the partnership shall rank in order of payment, as follows:
>
> I.  Those owing to creditors other than partners,
>
> II.  Those owing to partners other than for capital and profits,
>
> III.  Those owing to partners in respect of capital,
>
> IV.  Those owing to partners in respect of profits.

N.Y. Partnership Law § 71(b) (McKinney 1988). The responsibility to repay creditors continues after the dissolution of a partnership or the retirement of a partner:

1. When any new partner is admitted into an existing partnership, or when any partner retires and assigns (or the representative of the deceased partner assigns) his rights in partnership property to two or more of the partners, or to one or more of the partners and one or more third persons, if the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership so continuing the business.

2. When all but one partner retire and assign (or the representative of a deceased partner assigns) their rights in partnership property to the remaining partner, who continues the business without liquidation of partnership affairs, either alone or with others, creditors of the dissolved partnership are also creditors of the person or partnership so continuing the business.

N.Y. Partnership Law § 72(1), (2) (McKinney 1988).

The record clearly indicates that Mr. Kingsley and Mr. Smith failed to distribute the assets of the partnership to Mr. Koffman before satisfying themselves from the assets. (N.T. 2/28/95 at 27). Mr. Smith testified that he and Mr. Kingsley dissolved the partnership on December 31, 1992, without allotting any assets for the repayment of their debt owed to Mr. Koffman. (N.T. 9/5/95 at 20; 2/28/95 at 27). Furthermore, Mr. Kingsley and Mr. Smith failed to notify Mr. Koffman of the impending dissolution, effectively denying Mr. Koffman the ability to make any claims to the assets. (N.T. 2/28/95 at 16). Upon dissolution, Mr. Smith assumed the responsibilities of all liabilities of Carolina Wholesale Furniture. (*Id.* at 29). In addition to testifying that the partnership did not reserve any assets to repay Mr. Koffman, Mr. Smith also stated that he had no intention of paying Mr. Koffman because he did not recognize the judgment as a legitimate debt. (*Id.* at 32).

According to N.Y. Partnership Law § 26(a) (McKinney Supp.1996), Mr. Kingsley and Mr. Smith had a joint obligation to pay Mr. Koffman before they distributed the assets of the company to themselves. Further, under N.Y. Partnership

Law § 72(1), (2) (McKinney 1988), Mr. Smith also had an obligation to repay Mr. Koffman when he assumed all liabilities of the partnership upon its dissolution. Therefore, because Mr. Smith and Mr. Kingsley failed to meet these obligations, we conclude that Mr. Kingsley and Mr. Smith are in direct violation of the Uniform Partnership Act. Thus, we hold that Mr. Koffman may recover the appropriate damages as set forth under 39 P.S. § 359, as discussed with regard to Mr. Koffman's second issue.

Mr. Koffman's third issue asserts that Mr. Smith's and Mr. Kingsley's assets should be impressed with a constructive trust in favor of Mr. Koffman in order to enforce their judgment debt. The Pennsylvania Supreme Court has held: "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Balazick v. Ireton,* 518 Pa. 127, 134, 541 A.2d 1130, 1133 (1988) (quoting *Pierro v. Pierro,* 438 Pa. 119, 127, 264 A.2d 692, 696 (1970)). Traditionally, constructive trusts have been imposed where a party acquires legal title to property by violating some express or implied duty owed to another. *In re Kulzer Roofing, Inc.,* 139 B.R. 132, 141 (Bankr.E.D.Pa.1992), *affirmed,* 150 B.R. 134 (E.D.Pa. 1992). Generally, an equitable duty to convey property arises only in the presence of fraud, duress, undue influence, mistake or abuse of a confidential relationship. *In re Sacred Heart Hosp. of Norristown,* 175 B.R. 543, 555 (Bankr.E.D.Pa.1994). There is, however, no rigid standard for determining whether the facts of a particular case require a court of equity to impose a constructive trust; the test is merely whether unjust enrichment can be avoided. *Denny v. Cavalieri,* 297 Pa.Super. 129, 133–34, 443 A.2d 333, 335 (1982) (citations omitted).

According to the Restatement of Restitution § 168:

*Transfer by non-fiduciary.* Where a person has an equitable interest in property held by another who is not in a fiduciary relation to him, and the holder transfers the property to a third person who is not a bona fide purchaser, the equitable interest is not cut off by such transfer and the

equitable claimant can enforce it against the third person. Thus, where a person acquires property by fraud or otherwise under such circumstances that he holds it upon a constructive trust for the transferor, and the transferee transfers the property to a person who is not a bona fide purchaser, the latter holds the property upon a constructive trust for the person equitably entitled to it.

Restatement of Restitution § 168 comment b (1937). Further, we are persuaded by the reasoning of our sister state, New York, which has held that a person wrongfully acquiring property can be treated as a constructive trustee without the presence of a fiduciary relationship. *Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 363–64, 380 N.E.2d 189, 194 (1978). We further note,

Federal courts applying this doctrine have not been insensitive to the need for flexibility, and thus on occasion have not required a fiduciary relationship in order to impose a constructive trust. *See, e.g., Lines v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 743 F.Supp. 176, 179–80 (S.D.N.Y.1990) (constructive trust imposed, applying New York law, despite absence of fiduciary relationship); *SEC v. Levine*, 689 F.Supp. 317, 321–23 (S.D.N.Y.1988) (same), *modified on other grounds*, 881 F.2d 1165 (2d Cir.1989); *see also Republic of Philippines v. Marcos*, 806 F.2d 344, 355 (2d Cir.1986) ("constructive trust is simply a remedy to prevent unjust enrichment and may or may not involve a fiduciary relationship") (citing Restatement of Restitution § 160 comment a (1937)), *cert. denied*, 480 U.S. 942, 107 S.Ct. 1597, 94 L.Ed.2d 784, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987).

*In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 354 (2d Cir.1992).

Our discussion of the record and the relevant facts with regard to Mr. Koffman's second issue can also be applied herein to prove the existence of fraud. The circumstances and fraudulent intentions surrounding the dissolution of the partnership and the subsequent conveyance demonstrate that the Smiths and the Kingsleys were not bona fide purchasers. To

the extent of the consideration which Mr. Kingsley and Mr. Smith received in exchange for the assets of Carolina Wholesale Furniture, they have been unjustly enriched at the expense of Mr. Koffman. It is therefore appropriate, according to the Restatement of Restitution § 168, comment b, to conclude that Mr. Smith and Mr. Kingsley hold the stock, the note, the mortgage and all other property of Carolina Wholesale Furniture in constructive trust for the benefit of Mr. Koffman. Further, we award Mr. Koffman the appropriate additional relief provided by 39 P.S. § 359(1)(b), as previously discussed with regard to Mr. Koffman's second issue.

Mr. Koffman's fourth issue asserts that he is entitled to recover attorney's fees and damages related to the litigation because he incurred additional costs as a result of Mr. Kingsley's and Mr. Smith's exemption claims. Despite the nature of Mr. Kingsley's and Mr. Smith's conduct, we are constrained to disagree. It is well established that a litigant is responsible for his own counsel fees absent an agreement by the parties or some other established exception. *Pittsburgh Live, Inc. v. Servov,* 419 Pa.Super. 423, 429–30, 615 A.2d 438, 441 (1992); *Shanks v. Alderson,* 399 Pa.Super. 485, 488, 582 A.2d 883, 885 (1990), *allocatur denied,* 528 Pa. 638, 598 A.2d 994 (1991). Unfortunately, there is no established exception which permits recovery of attorney fees in an action for fraud. *Pittsburgh Live, Inc. v. Servov, supra* at 430, 615 A.2d at 442. Accordingly, we affirm the trial court's denial of counsel fees.

Appellees, David Kingsley and Luther Smith, d/b/a Carolina Furniture, raise the following issues on cross-appeal:

1.  IN THE CASE WHERE A CREDITOR ALLEGES A FRAUDULENT TRANSFER INTO A TENANCY BY THE ENTIRETIES MAY THIS BE DETERMINED BY EXECUTION ON THE ITEMS?

2.  WHERE A SHERIFF DETERMINES THE PROPERTY CLAIM OF THE THIRD PERSON CLAIMANT IN THEIR FAVOR WHICH IS NOT TIMELY OBJECTED TO[,] IS SUCH A DETERMINATION

BINDING ON A SUBSEQUENT EXECUTION ON THE SAME PROPERTY?

(Appellees' Brief at 3).

Mr. Kingsley's and Mr. Smith's first issue asserts that the trial court was correct in its finding which regards property held as tenants by the entirety as unavailable to creditors of one of the tenants. The trial court held that in order to pursue his allegations of fraudulent conveyance, Mr. Koffman must first bring an action in equity, seeking to set aside the conveyances. We disagree and have fully discussed, *infra,* our position and disposition, in addition to the applicable case law, when we addressed Mr. Koffman's second issue. We decline to address this issue a second time.

In their second issue, Mr. Kingsley and Mr. Smith contend that Mr. Koffman's claims are barred by the doctrine of *res judicata* and collateral estoppel. After a thorough review of the record, the briefs of the parties, the applicable law and the opinion of the trial court, we are satisfied that the "Statement of The Court Under [Pa.R.App.P.] Rule 1925(a), Re: The Cross Appeal of ... Smith ... and Kingsley ..." comprehensively discusses and properly disposes of Mr. Kingsley's and Mr. Smith's second contention.[3] Thus, we affirm as to their second issue on the basis of that opinion.

Based upon the foregoing, we affirm the trial court's order in part and reverse in part.

Order affirmed in part; reversed in part. Jurisdiction is relinquished.

---

**3.** The trial court's opinion determined the doctrines of *res judicata* and collateral estoppel did not apply to the initial determination made by the sheriff because: 1) the sheriff conducted no hearing; 2) his determination, by rule, was merely *prima facie;* 3) the issue is not joined in sheriff's interpleader until objection is made to the sheriff's determination; 4) the failure to object acts only as an abandonment of the levy; and 5) judgment is rendered only by the court upon trial. (Trial Court Opinion, 2/14/96, at 5).