Lynn THOMAS, Appellee,

v.

Tony TRENTO, Gary Levine, & Ostrich Sales, Trading & Research International Central Headquarters, Inc.

**Appeal of Tony Trento & Elizabeth Trento.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 1999.
Filed Dec. 30, 1999.

Howard C. Terreri, Scranton, for appellants.

Arthur J. Rinaldi, Jr., Scranton, for appellees.

**8.** Because we have reversed the trial court's order, we need not address Appellants' sec- ond argument.

Before McEWEN, President Judge, HUDOCK, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 Tony and Elizabeth Trento appeal from the order of the Trial Court which dismissed the appeal of Appellee, Lynn Thomas (hereinafter "Thomas") to a "Sheriff's Determination" without prejudice to Thomas' right to file objections pursuant to Pa.R.C.P. 3206 and thereafter certify the matter for a non-jury trial. After review, we affirm in part and reverse in part.

¶ 2 The Trial Court has aptly set forth the relevant facts of this case as follows:

On December 17, 1993, [the Trento's and Thomas] entered into a court-approved "Agreed Final Judgment" that was filed in the District Court of Tom Green County, Texas, 119th Judicial District, and by virtue of which the [Trento's] agreed to pay the sum of $66,-436.43 to Thomas. On July 11, 1994, [Thomas], filed the foregoing judgment with the Clerk of Judicial Records of Lackawanna County. In addition, on October 21, 1994, and January 25, 1995, Thomas filed Praecipes for "Writ of Execution (Money Judgment)" against Defendant, Tony Trento, ("Trento"), seeking a Writ of Execution as a *lis pendens* against "all shares of common stock held by Tony Trento of American Plume and Fancy Feather Co, Inc."

On February 23, 1995, Elizabeth Trento filed a "Property Claim" with the Sheriff in which she alleged, *inter alia*, that the stock sought to be sold at the sheriff's sale was jointly owned by her as a tenant by the entireties and had been acquired during the course of her marital relationship with Trento. On February 23, 1995, the Sheriff notified counsel for Thomas and the claimant that an Interpleader Hearing would be held on April 5, 1995. An Interpleader Hearing was conducted on that date, and on April 6, 1995, Deputy Sheriff Ann Beahan issued a "Sheriff's Determination" in this case finding that Elizabeth Trento was the legal owner of the above-referenced personal property and that no sheriff's sale would be scheduled concerning the same.

Although the parties continued to engage in discovery in aid of execution, no appeal, objection or further action was taken with respect to the Sheriff's Determination until more than 43 months later when Thomas filed a "Praecipe for Argument List" on November 9, 1998. Oral argument was scheduled for April 22, 1999 and in the interim the parties submitted their respective Memoranda of Law.

Trial Court Opinion filed 4/22/99 at 1–2. After oral argument, the Trial Court entered an order, which as mentioned above, dismissed Thomas' appeal without prejudice to his right to file objections pursuant to Pa.R.C.P. 3206 and thereafter certify the matter for a non-jury trial after the completion of discovery. *See* Trial Court Order filed 4/22/99. A timely Notice of Appeal was filed with our Court on May 11, 1999.[1]

¶ 3 On Appeal to our Court, one issue is presented for our consideration:

1. WHETHER THE LOWER COURT ABUSED ITS DISCRETION BY DISREGARDING [THOMAS'] NON–COMPLIANCE WITH PROPER PROCESS BY ALLOWING [THOMAS], WITHOUT ANY JUSTIFICATION, TO PROCEED BEFORE THE TRIAL COURT IN CHALLENGING A PROPERTY CLAIM WITH AN EXTREMELY LATE OBJECTION TO THE SHERIFF'S INTERPLEADER DECISION,

---

1. This appeal is properly before our court pursuant to Pa.R.A.P. 311(a)(2) which provides that an appeal may be taken as of right from "[a]n order confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting the possession or control of property ..."

WHICH AFFECTS APPELLANTS' SUBSTANTIAL RIGHTS.

Appellants' Brief at 5.[2]

■ ¶ 4 As our Court has stated in a prior case:

> [A] trial court's decision will generally not be reversed in the absence of an abuse of discretion or a fundamental error in applying the correct principles of law. *In re Deed of Trust of Rose Hill Cemetery Association*, 527 Pa. 211, 590 A.2d 1 (1991). Abuse of discretion is found only where the trial court failed to follow legal procedures or misapplied the law. *Tagnani v. Tagnani*, 439 Pa.Super. 596, 654 A.2d 1136 (1995).

*Roberts v. Estate of Pursley*, 700 A.2d 475, 478 (Pa.Super.1997).

¶ 5 Appellant argues that the Trial Court abused its discretion in the instant case by dismissing Thomas' appeal of the April 6, 1995 Sheriff's Determination, while incongruously allowing him at this late date to refile objections to the sheriff's determination under Pa.R.C.P. 3206(b). Appellant argues that the Trial Court's action improperly continues Thomas' prior execution levy and contravenes the provisions of Pa.R.C.P. 3206(c) which provide that failure to file objections within the period provided by the rule results in abandonment of the levy. After consideration, we are compelled to agree with Appellant's argument.

¶ 6 "Sheriff's interpleader is a procedure available [under Rules of Pennsylvania Civil Procedure 3201–3216] when tangible personal property that is levied on pursuant to a writ of execution is claimed to be the property of a person other than the defendant in the execution." 13 Standard Pennsylvania Practice 2d § 73.1 quoting Pa.R.C.P. 3201. Once a claim to the property is filed the sheriff has ten (10) days to determine, with or without a hearing, whether the claimant is the "prima facie ... owner of the property in whole or in part." Pa.R.C.P. 3204. After a determi-

nation is made in favor of the claimant that he or she is the prima facie owner of the property further procedures are provided for by Pennsylvania Rule of Civil Procedure 3206.

¶ 7 This rule provides in relevant part:

(a) If the sheriff determines that the claimant is prima facie the owner of the property in whole or in part, the sheriff shall file in the prothonotary's office the claim, the determination of ownership including the valuation of the property, and shall send by ordinary mail copies of the determination and valuation to the claimant, the plaintiff, the defendant, and all other execution creditors and claimants of the property.

(b) Any **execution creditor or defendant** may, **within ten (10) days after the date of mailing of the copy of the determination and valuation, file with the prothonotary and with the sheriff an objection to the determination substantially in the form provided by Rule 3260.** The sheriff shall send by ordinary mail a copy of the objection to all other parties. Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all other parties in interest shall be defendants. The only pleading shall be the claim, all averments of which shall be deemed to be denied.

(c) **If no objection is filed the levy on the claimed property shall be deemed abandoned.**

(d) Upon abandonment of the levy, the sheriff shall return the claimed property to the person from whom it was taken. If the claimed property was found in the possession of a person other than the claimant, the sheriff shall, before returning it, give forty-eight hours notice to the claimant of the abandonment of the levy and the intention to return the property to a person other than the claimant.

---

**2.** Thomas has not filed a brief with our Court in this matter.

* * *

Pa.R.C.P. 3206 (emphasis supplied).

¶ 8 It is axiomatic that in interpreting the language utilized by our Rules of Civil Procedure we are guided by the principles set forth in Rule of Civil Procedure 103 which provides:

> a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule shall be construed according to such peculiar and appropriate or express meaning or definition.

Pa R.C.P 103(a); *See also Hoag v. Hoag*, 435 Pa.Super. 428, 646 A.2d 578, 584 (1994), *affirmed* 541 Pa. 621, 664 A.2d 1354 (1995) ("General words and phrases [in the Rules of Civil Procedure] should be construed according to their common and approved usage.").

■ ¶ 9 The plain language of Rule 3206(b) provides that in order to challenge a sheriff's determination a party must file an objection with the prothonotary in the form provided by Pa.R.C.P. 3260.[3] As the Trial Court properly noted, the filing of a "Praecipe for Argument Listing of an Appeal" to challenge the sheriff's determination was an improper procedure. Consequently, the portion of the Trial Court's order dismissing the filing of the "Appeal" by Lynn Thomas was correct and we will not disturb it. However, the portion of the Trial Court's order allowing Appellant to now file objections to the sheriff's determination pursuant to Pa.R.C.P 3206 is incorrect and must be reversed.

■ ¶ 10 It is clear by the plain language of Pa.R.C.P. 3206(b) that Thomas, as execution creditor, had ten days after notice of the sheriff's determination was provided to him to file objections to the sheriff's determination. Our inspection of the docket entries and relevant pleadings discloses that notice of both Elizabeth Trento's property claim and the scheduling of the April 5, 1995 interpleader proceeding before the Sheriff of Lackawanna County was provided by the Sheriff, via certified mail, to counsel of record for Thomas. The certified docket entries show that the sheriff's determination that Elizabeth Trento was the owner of the personal property levied on by Thomas, which was dated April 6, 1995, was filed with the prothonotary on June 14, 1995. On the sheriff's determination was also a notation that the Writ of Execution was returned as stayed. Although the docket does not indicate whether the sheriff's department mailed a copy of its determination of April 6, 1995 to Thomas, when this matter was argued before the Trial Court counsel for Trento averred that the sheriff had served its written decision on the parties on April 6, 1995. *See* Memorandum of Defendant, filed 4/21/99, at 2. Thomas did not challenge this averment at any time before the Trial Court or maintain to the Trial Court that he was not given notice of the sheriff's determination, thus we conclude that Thomas did receive notice of the

3.

Rule 3260 provides for the use of the following form:

[Caption]
TO THE PROTHONOTARY:
Enter objection to the sheriff's determination of ownership of the property.

Date: _____    _____
　　　　　　　　　　(Objector, Attorney or Agent)

sheriff's determination by personal service in the manner averred by Trento.[4]

 ¶ 11 Thomas did nothing with respect to the sheriff's determination until the filing of the aforementioned "Praecipe for Argument of an Appeal" on November 9, 1998, over **four years** after the sheriff's determination. Since Thomas' efforts to challenge the sheriff's determination were undertaken well beyond the ten (10) day period permitted by Pa.R.C.P. 3206(c), the unambiguous language of this rule required that the "levy shall be deemed abandoned." Pa.R.C.P. 3206(c). We interpret the use of the term "shall" in this instance in accordance with its commonly understood meaning as a mandatory directive. *See Fogle v. Malvern Courts*, 554 Pa. 633, 637, 722 A.2d 680, 682 (1999) (approving dictionaries as source material for determining the common and approved usage of a term) and *Webster's New Collegiate Dictionary*, p. 1056, (1979) (**shall:** ... will have to: must); *Mamone v. Beltone Hearing Aid Services, Inc.*, 416 Pa.Super. 555, 611 A.2d 755, 757 (1992) ("Generally ... the term 'shall' is construed as creating a mandatory duty, and only rarely in matters of time or form is the term construed as creating only a discretionary duty."); *See also Koffman v. Smith*, 453 Pa.Super. 15, 682 A.2d 1282, 1292, n. 3 (1996) (In deciding that execution creditor was not barred by the doctrine of *res judicata* or *collateral estoppel* from refiling praecipe for writ of execution after first levy was dismissed by the trial court for execution creditor's failure to file objections to sheriff's determination of third party's prima facie ownership within ten day period provided by Pa.R.C.P. 3206(b), our Court adopted trial court reasoning which held, in part, that failure of party to object acts as an abandonment of levy).

¶ 12 As a consequence, the portion of the Trial Court order allowing Thomas to file objections at this time is incorrect because it allows continued proceedings with respect to a now non-existent levy. Permitting these continued proceedings would, as Appellant suggests, have the practical effect of negating the abandonment of the levy in clear contravention of Rule 3206(c). The original levy in this case must be deemed abandoned under Pa.R.C.P. 3206(c) because of the failure of Thomas to timely file objections as provided by Pa. R.C.P. 3206(b). We are obliged to give effect to all provisions of Rule 3206. *See* Pa.R.C.P 127(b) ("Every rule [of Civil Procedure] shall be construed if possible to give effect to all of its provisions.") Thus, the portion of the Trial Court's order allowing Thomas to now file untimely objections to the sheriff's determination of April 5, 1995 must therefore be reversed.

¶ 13 Order affirmed in part and reversed in part. Jurisdiction relinquished.

---

**4.** Although Thomas did not file a brief in this matter, even if he did, he would have been precluded from raising any issue to our Court relating to his receipt of notice of the sheriff's determination, because he did not present such a claim to the Trial Court for consideration. *See Pa.R.A.P.* 302(a): "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."