**Richard GALLAHER, to the use of Rockwood Casualty Insurance Company,**

v.

**Robert RIDDLE and Douglas Dalessio.**

**Appeal of Douglas Dalessio, Individually and as a Parent and Natural Guardian of Devin D. Dalessio and Dylan C. Dalessio.**

Superior Court of Pennsylvania.

Argued March 16, 2004.

Filed May 19, 2004.

Alexander J. Jamiolkowski, Pittsburgh, for appellant.

David M. Zimmerman, Indiana, for appellees.

Before: KLEIN, BENDER, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Douglas Dalessio (Debtor) appeals from an order granting Richard Gallaher's Petition for Relief Under the Pennsylvania Uniform Fraudulent Transfer Act, (UFTA or Act), 12 Pa.C.S. §§ 5101–5110, and finding Debtor's disclaimer of inheritance void. Debtor contends that the trial court erred in concluding that Debtor's renunciation of a gift under his wife's estate falls within the scope of the Act. He further contends that the court erred in refusing to apply Section 6205 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 6205, providing that a disclaimer relates back to the date of the death of the decedent. Finding no error, we affirm.

¶ 2 In prior matters involving review of alleged fraudulent conveyances, we have stated that our standard of review "of a decree in equity is particularly limited and that such a decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Koffman v. Smith*, 453 Pa.Super. 15, 682 A.2d 1282, 1286 (1996); *see also Commonwealth Trust Co. of Pittsburgh v. Cirigliano*, 352 Pa. 108, 41 A.2d 863, 865 (1945). The findings of the chancellor will not be reversed unless it appears the chancellor clearly abused the court's discretion or committed an error of law. *See Koffman,*

682 A.2d at 1287. The test is not whether we would have reached the same result on the evidence presented, but whether the chancellor's conclusion can reasonably be drawn from the evidence. *See id.* at 1286–87; *cf. Koresko & Assoc., P.C. v. Farley*, 826 A.2d 6, 7 (Pa.Super.2003) (declaring standard of review of grant of petition to strike judgment limited to whether court abused its discretion or committed an error of law).

¶ 3 On March 22, 2001, Richard Gallaher obtained a judgment for $44,173.90 against Debtor, in the Indiana County Court of Common Pleas. Subsequently, Debtor's wife died intestate, survived by Debtor and two minor children. Debtor then opened his deceased wife's estate, estimating the estate assets at $50,000 in real estate and $100,000 in personalty. On or about March 4, 2002, Debtor signed a disclaimer relinquishing all of his interest in his deceased wife's estate. This disclaimer was not filed in the Orphans' Court until May 24, 2002. See R.R. 48a. On March 12, 2002, Gallaher for the use of Rockwood Casualty Insurance Company (Creditor) served a writ of execution on the wife's estate. On August 14, 2002, Creditor petitioned the trial court to set aside Debtor's disclaimer as a fraudulent transfer under the UFTA. Debtor and Creditor stipulated that Debtor was insolvent when the disclaimer was filed. Because of the involvement of the two minor children as beneficiaries in the deceased wife's estate, the court appointed counsel for them. After the pleadings were closed and after argument, the court granted Creditor's petition and set aside Debtor's disclaimer as a fraudulent transfer under the UFTA. Debtor now appeals.

¶ 4 Debtor argues that under Section 6205(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. § 6205(a), a written disclaimer is effective from the moment of the decedent's death and, therefore, the disclaimant's interest in the estate never existed. Brief for Appellant at 6, 7–8. He further contends that the amendment to Section 6205, adding a new subsection (d) and providing that "[n]othing in [Section 6205] shall determine the effect of a disclaimer upon the rights of creditors of the disclaimant," does not apply to Creditor's claim in this matter because newly-added subsection (d) did not become effective until July 15, 2002 (sixty days after enactment). Brief for Appellant at 6, 9–11. Finally, Debtor argues that the retroactive application of Section 6205(d) constitutes an unconstitutional taking of property rights.

¶ 5 The Pennsylvania Uniform Fraudulent Transfer Act defines a fraudulent transfer as follows:

### § 5105. Transfers fraudulent as to present creditors

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

12 Pa.C.S. § 5105.

¶ 6 Debtor cannot dispute that he had an interest in his deceased wife's estate prior to filing the disclaimer on May 24, 2002. He has stipulated that he was insolvent when he executed and filed the disclaimer. Creditor's judgment was obtained on March 22, 2001, well before Debtor filed his disclaimer. Creditor executed against the decedent's estate, thereby attaching Debtor's interest in that estate, on March 12, 2002, before Debtor filed his disclaimer on May 24th of the same year. There is

nothing in the record to even suggest that Debtor received a reasonably equivalent value in exchange for his execution and filing of the disclaimer in his wife's estate. We have no difficulty in concluding that all of the elements necessary to satisfy the requirements found in Section 5105 of UFTA are met in this case.

¶ 7 The only way by which Debtor could seek to escape the impact of UFTA on Creditor's claim against the estate is by taking refuge in the Disclaimer Act, 20 Pa.C.S. §§ 6201–6207. We find that Section 6205(d) controls, providing that "Nothing in this section shall determine the effect of a disclaimer upon the rights of creditors of the disclaimant." Debtor attempts to argue that new subsection (d) cannot be applied retroactively. As Creditor correctly points out in its brief, the legislature expressly provided for the application of new subsection (d) by including the following in Section 14 of Act 50 of 2002:

> (3) The amendment of 20 Pa.C.S. § 6205 shall apply to disclaimers made on or after the effective date of this act and shall apply to disclaimers made before the effective date of this act to the extent the distribution thereunder is made after the effective date of this act or, if made prior to the effective date, such distribution was consistent with this act.

Act No. 50 Of 2002, May 16, 2002, P.L. 330, § 14(b)(3); West Group, Pa.Sess. Laws 2002, at 307. Here, Debtor's disclaimer was filed on May 24, 2002, prior to the effective date of Act 50, but no distribution occurred from the estate prior to July 15, 2002, the effective date of the Act. By virtue of the express terms contained in Section 14 of the Act, the amendment contained in Section 10 of Act 50, amending § 6205(a) and adding new subsection 6205(c) is applicable to the matter now before us because distribution in the wife's estate did not occur until after July 15, 2002, the effective date of the Act.

¶ 8 By way of further analysis, and for purposes of further appellate review, we adopt the reasoning found in the Opinion of the Honorable William J. Martin, President Judge, filed June 18, 2003, at pages 2–5. Because we are unable to find merit in the contentions raised by Debtor, we must affirm the order of June 18, 2003, granting Creditor's petition for relief under the Pennsylvania UFTA.

¶ 9 Order AFFIRMED.