KORESKO & ASSOCIATES, P.C.
and Koresko & Noonan, P.C.

v.

Mark FARLEY.

Koresko & Associates, P.C.

v.

Mark Farley and Alicia Farley, and
Gary Farley and Karen Farley.

Koresko & Associates, P.C.

v.

Alicia Farley.

Appeal of: Koresko & Associates, P.C.

Superior Court of Pennsylvania.

Argued Dec. 4, 2002.
Filed May 12, 2003.
Reargument Denied July 11, 2003.

John J. Koresko, Bridgeport, for Koresko & Associates, appellants.

Scott E. Yaw, Malvern, for Mark Farley, appellee.

BEFORE: JOYCE, BENDER and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 In this appeal we consider whether the trial court erred in granting appellees' petitions to strike judgments appellant sought to enforce against them under the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S.A. § 4306 (UEFJA). We reverse and remand for further proceedings.

¶ 2 Appellant is the law firm Koresko and Associates, led by John J. Koresko (Koresko). Appellees are two brothers and their wives (the Farleys) who filed Chapter 11 bankruptcy petitions in 1992. Koresko represented the Farleys in their bankruptcy proceedings. At the time, Koresko was affiliated with another firm, Koresko and Noonan, P.C. (KNPC).[1]

¶ 3 At issue are two orders entered in the Farleys' bankruptcy proceedings in 1993, which orders awarded interim counsel fees to KNPC. The aggregate amount of the orders is approximately $41,000.00. In June and July of 2001, Koresko filed the orders as foreign judgments in Montgomery County under the authority of the UEFJA. That Act allows a creditor to file a foreign judgment against a debtor and directs that the judgment "shall be a lien as of the date of the filing and shall have the same effect and be subject to the same procedures, defenses and proceedings reopening, vacating, or staying judgment as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner." 42 Pa.C.S.A. § 4306(b).

¶ 4 The Farleys filed petitions to strike the judgments. They asserted that entry of the bankruptcy orders as judgments was improper for over one dozen reasons, including that the orders were not final. The trial court, after oral argument, entered an order on March 18, 2002, striking the judgments. The court concluded that the interim fee awards were not final orders compelling the payment of a specific amount of money entitled to full faith and credit in the Commonwealth. As a result, the court reasoned, enforcement under the UEFJA was improper.

¶ 5 Koresko filed a motion to reconsider. The trial court granted the motion and vacated its March 18th order. In support of his motion, Koresko appended bankruptcy court documents to establish that the orders awarding fees were entitled to full faith and credit and so satisfied the UEFJA. The trial court denied the motion for reconsideration on April 26, 2002 and this appeal followed.

Our standard of review ... is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Crum v. F.L. Shaffer Co.,* 693 A.2d 984 (Pa.Super.1997). The full faith and credit clause of the United States Constitution requires state courts to recognize and enforce the judgments of sister states. U.S. Const. Art. 4, § 1. *Reco Equipment, Inc. v. John T. Subrick Contracting, Inc.,* 780 A.2d 684, 686 (Pa.Super.2001), *appeal denied,* 567 Pa. 763, 790 A.2d 1018 (2001).

¶ 6 The statute clearly defines a foreign judgment under the UEFJA as "any judgment, decree, or order of a court of the United States or of any other court requir-

---

1. The trial court states that appellant Koresko presented himself as "the successor in interest to ... [KNPC], a law firm which rendered legal services for Gary and Karen Farley (husband and wife) and Mark and Alicia Farley (husband and wife) in bankruptcy proceedings before the United States Bankruptcy Court for the Eastern District of Pennsylvania." Trial Court Opinion, 7/29/02, at 1–2.

ing the payment of money which is entitled to full faith and credit in this Commonwealth." 42 Pa.C.S.A. § 4306(f). The trial court concluded that the fee orders issued by the bankruptcy court in this case did not satisfy § 4306(f) because they were "interim" orders that did not "state they [were] intended to provide a final award of compensation." Trial Court Opinion, 7/29/02, at 11. Relying on bankruptcy law provisions and case law that allow for modification of interim fee orders, the court found that reconsideration was unwarranted and the order striking the judgments was proper.

¶ 7 The bankruptcy court's authority to award interim compensation fees is found in the Bankruptcy Code, which allows a trustee, examiner or debtor's attorney to make application to the court for compensation for services rendered and expenses incurred before the date of the application. 11 U.S.C. § 331. After notice and a hearing, the bankruptcy court may allow such compensation. *Id.*

¶ 8 Interim compensation awards were designed to permit attorneys and other professionals to seek compensation during bankruptcy proceedings so as to "alleviate financial hardship." *In re American International Airways, Inc.*, 47 B.R. 716, 720 (Bankr.E.D.Pa.1985). The grant of interim fees is based on the "premise that professionals should not be expected to finance the administration of liquidation or reorganization cases." *Id.* (citing 2 *Collier on Bankruptcy* ¶ 331.01, pp. 331–1 to 331–3 (15th ed.1979)).

¶ 9 However, interim fees remain subject to "amendment or modification at any time during the pendency of the bankruptcy proceedings." *Id.* at 722. As a result, an award awaiting them is interlocutory in nature and may not be appealed during the course of the bankruptcy. *In re Valley Forge Plaza Associates*, 119 B.R.

471, 472 (E.D.Pa.1990). Once the bankruptcy is over, however, the orders are no longer subject to modification. *In re Boddy*, 950 F.2d 334, 336 (6th Cir.1991).

¶ 10 In this case, the trial court found that there was insufficient evidence to establish that the interim fee orders were final. The court reached this finding despite numerous documents Koresko offered in support of his claim that the bankruptcy proceedings had ended. Those documents included bankruptcy court orders confirming the debtors' plans, orders discharging the debtors and final decrees formally closing the bankruptcy cases.

¶ 11 In an apparent response to these documents, the trial court stated:

We note that ... [Koresko] has filed hundreds of pages of material in response to defendants' motions to open and/or strike and in support of its motion for reconsideration of our order of March 18, 2002.... [Koresko], doubtless, intends to argue that these materials demonstrate that the underlying bankruptcy cases have been finally concluded and that ... [the interim] orders should be treated as final judgments. We believe such an argument to be without merit. We believe, rather, that it was incumbent upon ... [Koresko] to demonstrate that ... [the interim] orders were final judgments at the time ... [Koresko] sought enforcement of those orders through this court. We believe that neither the actual language nor the spirit of the UEFJA permits ... [Koresko] subsequently, in piecemeal fashion, to "prove" the finality of these orders. Without evidence that the orders were final judgments at the time enforcement was sought in this court, the judgments are defective on their face and properly stricken. In this regard, we note *Nobel Well Services {Service} v.*

*Penn Energy,* [348 Pa.Super. 267,] 502 A.2d 200 (Pa.Super.1985), where the Superior Court held that a plaintiff seeking to enforce a foreign judgment in this Commonwealth is required to file all docket entries incidental to or appertaining to the judgment. We believe it is self-evident that this requires ... [Koresko] to file with this court any docket entries necessary to demonstrate the finality of the judgment.

Further, we do not believe that either the letter or the spirit of the UEFJA calls upon this court to analyze the hundreds of pages of documents subsequently submitted by [Koresko] to determine if [the interim] orders qualify as final judgments. Given the intricacies and complexities of the law of bankruptcy, if "proving" the finality of [the interim] orders requires such an enormous effort on [Koresko's] part—ironic considering [Koresko's] apparent initial belief that the mere filing of the orders themselves would be sufficient—we believe the proper forum for doing so would be in Bankruptcy Court itself, and not in the Montgomery County Court of Common Pleas.

Trial Court Opinion, 7/29/02, at 11–12.

¶ 12 We cannot agree with this treatment of the case. The trial court erred when it concluded that it was not required to consider the evidence Koresko offered to establish finality here. In granting reconsideration, the court expressly permitted Koresko to establish that the orders at issue were no longer modifiable and so constituted a foreign judgment under the UEFJA. Koresko did so by offering proof that the bankruptcy was over, thus, the interim orders were no longer subject to amendment or modification. *See In re Boddy, supra.* The trial court should not

have refused to consider evidence it explicitly permitted Koresko to proffer.

¶ 13 Further, the court erred in concluding that Koresko failed to offer necessary additional proof. The court suggests that other possibilities have been "left open," including the possibility that the bankruptcy cases remain open "or that a final order was subsequently issued modifying the [interim] compensation award." Trial Court Opinion, 7/29/02, at 10. With respect to the former possibility, the fact that the bankruptcies are closed is clear from the record; even appellees do not contend that their bankruptcy cases are ongoing. As far as the latter contingency is concerned, the record reveals that Koresko offered the docket entries from the bankruptcy proceedings in his motion for reconsideration. Those dockets do not reveal a subsequent order modifying or amending the interim orders at issue in this case. Absent such an order of modification, there was little more Koresko could do to "prove" that no modification or amendment occurred. We conclude that neither contingency raised by the court constitutes a proper basis for granting the motion to strike.

¶ 14 Finally, the court's suggestion that the bankruptcy court handle the matter is misplaced. The bankruptcy proceedings have ended. The issue for the state court is whether appellees' motion to strike should be granted.

¶ 15 We find, therefore, that the trial court erred in concluding that the orders in this case were not final for purposes of the UEFJA. We recognize that appellees offered several additional bases for their claim that enforcement of the orders as foreign judgments was improper, any one of which may be valid.[2] We must remand

2.  Among other claims, appellees asserted that Koresko did not have standing to enforce the

order as it concerned KNPC and, further, that the fees in fact have been paid.

the matter to the trial court for assessment of those additional claims.

¶ 16 Order reversed; matter remanded. Jurisdiction relinquished.