J-A26043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NAKIA CARTAGENA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RIVERLIFT INDUSTRIES, INC., A | : | |
| PENNSYLVANIA FICTITIOUS NAMES | : | |
| A/K/A CLAIRTON SLAG, INC., A | : | |
| PENNSYLVANIA COMPANY, AND | : | |
| CAMPBELL TRANSPORTATION | : | |
| COMPANY INC., A PENNSYLVANIA | : | |
| CORPORATION | : | No. 455 WDA 2016 |

Appeal from the Order entered February 25, 2016
in the Court of Common Pleas of Allegheny County,
Civil Division, No(s): GD 14 020667

BEFORE:  BENDER, P.J.E., RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 19, 2016**

Nakia Cartagena ("Cartagena") appeals from the Order denying his Motion for Reconsideration of a prior Order sustaining the Preliminary Objections filed by RiverLift Industries, Inc. ("RiverLift").[1]  We affirm.

Cartagena was employed as a coal sample lab technician by Conti Testing Laboratories, Inc. ("Conti"), an independent analytical laboratory that analyzes and measures coal, coke, petroleum coke and blends. Amended Complaint, ¶ 6.  RiverLift owns a coal loading dock in West Elizabeth, Pennsylvania. *Id*. at ¶ 2.  Campbell Transportation Company, Inc. ("Campbell") operates tugboats and barges. *Id*. at ¶ 3.  Cartagena's job

_____

[1] The remaining captioned defendants are not parties to this appeal.

duties required him to board barges to gauge the amount of coal being transported. *Id*. at ¶ 7. On November 30, 2012, Cartagena was required to board a barge operated by Campbell, which was being pulled by a tugboat also operated by Campbell. *Id*. at ¶ 9. Cartagena intended to board the barge from a catwalk on RiverLift's dock which he had routinely used in the past. *Id*. However, on the date in question, Cartagena was not able to access the catwalk. *Id*. at ¶ 10. Thereafter, a Campbell deckhand obtained a ladder for Cartagena to use in order to board the barge. *Id*. at ¶ 12.[2] The ladder did not have slip resistant feet, and the Campbell deckhand attempted to secure the bottom of the ladder as Cartagena descended it. *Id*. at ¶¶ 13, 15. As Cartagena descended the ladder, it became unstable, either because the Campbell tug boat operator caused the barge to shift, or because the Campbell deckhand had not adequately secured the ladder. *Id*. at ¶ 17. When Cartagena was halfway down the ladder, it shifted, causing him to fall onto the metal decking of the barge, resulting in injuries to Cartagena. *Id*. at ¶ 18, 21.

In February 2015, Cartagena filed a Complaint against RiverLift and Ingram Barge Company ("Ingram"). However, as Ingram was named erroneously, it was subsequently dismissed from the action. In June 2015, Cartagena filed an Amended Complaint asserting a premises liability claim

---

[2] Cartagena alleged that the ladder was owned by RiverLift, and was obtained from RiverLift's dock. *See* Amended Complaint, ¶¶ 13, 34.

and negligence claim against RiverLift, and a negligence claim against Campbell. On August 12, 2015, RiverLift filed Preliminary Objections, in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4), to the claims asserted against it in the Amended Complaint. On August 19, 2015, Cartagena's claim against Campbell was stayed under the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, pursuant to an action pending in the United States District Court for the Western District of Pennsylvania (hereinafter "the Federal Limitation Action"). In an Order entered on October 28, 2015, the trial court sustained RiverLift's Preliminary Objections and dismissed, with prejudice, the claims in Cartagena's Amended Complaint directed against RiverLift.

On November 6, 2015, Cartagena filed a Motion for Reconsideration of the Order, and sought leave to file a second amended complaint. On November 23, 2015, without the trial court's authorization, Cartagena filed a Second Amended Complaint. RiverLift filed a Motion to Strike the Second Amended Complaint, and sought leave to file a response to Cartagena's Motion for Reconsideration. On January 28, 2016, the trial court conducted a hearing on RiverLift's Motion, and thereafter granted RiverLift leave to file a response to Cartagena's Motion for Reconsideration. In its Response to Cartagena's Motion for Reconsideration, RiverLift attached a copy of Cartagena's deposition, taken in the Federal Limitation Action, wherein he conceded that, although he did not know from where the Campbell deckhand

obtained the ladder, the deckhand was below him, inside the barge, and did not obtain the ladder from RiverLift's dock. *See* Response to Motion for Reconsideration, Exhibit B at 198-200. Cartagena further conceded that no RiverLift employee was on the dock on the day of the accident, and no RiverLift employee ever told him to use a ladder to board the barge. *See id*. at 200-201. On February 25, 2016, following a hearing, the trial court denied the Motion for Reconsideration, and affirmed its October 28, 2015 Order dismissing all claims against RiverLift, with prejudice. RiverLift thereafter sought a determination of finality, pursuant to Pa.R.A.P. 341(c), of the February 25, 2016 Order denying Cartagena's Motion for Reconsideration. On March 17, 2016, the trial court entered an Order deeming its February 25, 2016 Order final and appealable. Cartagena thereafter filed a timely Notice of Appeal of the trial court's February 25, 2016 Order.

On appeal, Cartagena raises the following issues for our review:

1. Did the trial court err as a matter of law by sustaining RiverLift's [P]reliminary [O]bjection[s] in the nature of a demurrer?

2. Did the trial court abuse its discretion by dismissing the claims against RiverLift with prejudice?

Brief for Appellant at 3.

We will address Cartagena's issues simultaneously. In his first issue, Cartagena contends that, when ruling upon RiverLift's Preliminary Objections, which were in the nature of a demurrer, the trial court was

- 4 -

precluded from considering evidence outside the face of the Amended Complaint. *Id*. at 7-8. Cartagena points to the trial court's Pa.R.A.P. 1925(a) Opinion, and claims that the trial court's comments therein indicate that it considered evidence outside the Amended Complaint, such as Cartagena's deposition testimony.[3] Brief for Appellant at 7-9.

Cartagena argues that the averments of his Amended Complaint set forth a claim for premises liability against RiverLift. *Id*. at 9-13. Cartagena contends that he was a business invitee on RiverLift's dock, and that he was

---

[3] In its Pa.R.A.P. 1925(a) Opinion, the trial court incorrectly stated that the Preliminary Objections filed by RiverLift raised questions of fact. *See* Trial Court Opinion, 4/18/16, at 2. However, because RiverLift's Preliminary Objections were in the nature of a demurrer, no question of fact was raised. *See Mellon Bank, N.A. v. Fabinyi*, 650 A.2d 895, 899 (Pa. Super. 1994) (finding that the trial court erred in considering "factual matters beyond the complaint" when ruling upon preliminary objection in nature of a demurrer). The trial court also incorrectly indicated that Cartagena's deposition was taken in connection with this case. *See* Trial Court Opinion, 4/18/16, at 2. However, our review reveals that Cartagena's deposition was taken in connection with the Federal Limitation Action. Further, the trial court incorrectly stated that excerpts of Cartagena's deposition were attached to RiverLift's Brief in Support of its Preliminary Objections. *See id*. However, Cartegena's deposition was not taken until February 10, 2016, which was six months *after* RiverLift had filed its Brief in Support of its Preliminary Objections, and more than three months *after* the trial court had sustained RiverLift's Preliminary Objections. Thus, the trial court did not rely on Cartagena's deposition when it sustained RiverLift's Preliminary Objections. Finally, the trial court incorrectly indicated that Cartagena provided an expert report from James R. Petrie ("the Petrie report"). However, our review of the record reveals that Cartagena attached the Petrie report to the Second Amended Complaint, which was filed, without leave of court, one month *after* the trial court had sustained RiverLift's Preliminary Objections. Thus, the trial court did not rely on the Petrie report when it sustained RiverLift's Preliminary Objections.

unable to access the catwalk that he would normally use to access barges. *Id*. at 10. Cartagena asserts that, because the catwalk was inaccessible on the day of the incident, a hazardous condition was created that required him to use a ladder to access the barge. *Id*. at 10-11. Cartagena further asserts that RiverLift should have known that invitees would fail to protect themselves against unreasonable risks of danger. *Id*. at 11. Cartagena points to the averments of his Second Amended Complaint, and to the Petrie report attached thereto, and summarily argues that these documents establish that RiverLift's actions fell below a standard of care. *Id*. at 12-13.

Cartagena further argues that the averments of his Amended Complaint set forth a claim for negligence against RiverLift. *Id*. at 13. Cartagena contends that RiverLift was not reasonably prudent in providing a ladder without slip resistant feet, and that its provision of the ladder was the factual and proximate cause of his injuries. *Id*. at 14-15. Cartagena asserts that his allegations of other causation theories in the Amended Complaint do not preclude him from also arguing that RiverLift caused his injuries, so long as RiverLift's actions were a substantial cause of his injuries. *Id*. Cartagena claims that the effect of RiverLift's actions in providing the ladder is unknown at this stage of the proceedings, but cannot be ruled out as a substantial factor. *Id*. at 16-17. Cartagena also argues that any lapse of time is not significant enough to prevent RiverLift's actions from being considered as a substantial factor. *Id*. at 17. Finally, Cartagena contends that the question

of whether RiverLift's actions were a substantial factor in causing his injuries should have been submitted to a jury. *Id*.

In his second issue, Cartagena asserts that, even if RiverLift's Preliminary Objections were properly sustained on the merits, the trial court erred by denying him an opportunity to amend his pleading in order to clarify the facts supporting each cause of action. *Id*. at 18-19. Cartagena claims that the trial court had an opportunity to correct this error when it was presented with Cartagena's Motion for Reconsideration, but failed to do so. *Id*. at 19.

Initially, the Order from which Cartagena appeals in this matter is the trial court's February 25, 2016 Order denying Cartagena's Motion for Reconsideration.[4] In deciding a motion for reconsideration, a trial court is invested with broad discretion as to whether or not it will modify or rescind a prior order. *See* 42 Pa.C.S.A. § 5505; *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 226 (Pa. Super. 2007). Our standard of review of a motion for reconsideration is limited to whether the trial court manifestly abused its discretion or committed an error of law. *See Dahl v. AmeriQuest Mortgage Co.*, 954 A.2d 588, 593 (Pa. Super. 2008) (citing

---

[4] An appeal generally does not lie from an order denying reconsideration; but, rather, from the final order which precedes it. *See generally Cheathem v. Temple Univ. Hosp.*, 743 A.2d 518, 521 (Pa. Super 1999). However, in the instant case, no final order had been entered. Instead, the Order sustaining RiverLift's Preliminary Objections was an interlocutory Order, as was the Order denying reconsideration. Further, the Order denying reconsideration is the *only* interlocutory Order that the trial court designated as final and appealable. *See* Trial Court Order, 3/17/16, at 1.

*Koresko & Assocs. P.C. v. Farley*, 826 A.2d 6, 7 (Pa. Super. 2003)). Further, an abuse of discretion "is not merely an error of judgment." *Drelles v. Manufacturers Life Ins. Co.*, 881 A.2d 822, 830 (Pa. Super. 2005) (citing *In re Deed of Trust of Rose Hill Cemetery Ass'n*, 216, 590 A.2d 1, 3 (Pa. 1991)). Rather, the standard for abuse of discretion is, "if, in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused." *Drelles*, 881 A.2d at 830-31.

Here, Cartagena has failed to demonstrate that the trial court manifestly abused its discretion or committed a clear error of law in denying his Motion for Reconsideration. *See id*. In his Motion for Reconsideration, Cartagena merely stated that he had attached a proposed pleading that he believed "would cure the defects complained of in [] RiverLift's Preliminary Objections, specifically, [Cartagena's] Second Amended Complaint includes [the Petrie] report clearly spelling out liability." *See* Motion for Reconsideration, 11/6/15, at 3. Cartagena failed to specify in his Motion which "defects" would be cured, or how they would be cured by the proposed Second Amended Complaint or the Petrie report. *See id*.

Moreover, to the extent that Cartagena contends that the Petrie report purportedly raised new and material evidence, our review discloses that, in preparing his report, Petrie did not have the benefit of Cartagena's deposition, and premised his conclusions on the inaccurate assumption that

(1) RiverLift had told Cartagena to use a ladder to access barges when the catwalk was inaccessible; and (2) that RiverLift owned and supplied the ladder from which Cartagena fell. **See** Petrie Report, 1/25/15, at 3. Notably, at the time of the hearing on Cartagena's Motion for Reconsideration, the trial court was presented with a copy of Cartagena's deposition, wherein Cartagena conceded that, although he did not know from where the Campbell deckhand obtained the ladder, the deckhand was below him, inside the barge, and did not obtain the ladder from RiverLift's dock. **See** Response to Motion for Reconsideration, Exhibit B at 198-200. Cartagena further conceded that no RiverLift employee was on the dock on the day of the accident, and no RiverLift employee ever told him to use a ladder to board the barge. **See id**. at 200-201.

As noted above, the trial court was precluded from considering these additional materials when it initially ruled on RiverLift's Preliminary Objections, and there is no evidence that it considered anything other than the averments of the Amended Complaint when it sustained those Objections. **See** note 3, **supra**. Nevertheless, when presented with Cartagena's Motion for Reconsideration, the trial court was permitted to consider whether Cartagena could state a cause of action against RiverLift if permitted to amend his pleading. Based on the record before us, we cannot state that that the trial court manifestly abused its discretion or committed an error of law in denying Cartagena's Motion for Reconsideration, and

affirming its Order sustaining RiverLift's Preliminary Objections. Accordingly, we affirm the trial court's February 25, 2016 Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016